ARMES, Appellant, v. KENOSHA COUNTY, Respondent.†

*No. 75–765. Argued November 1, 1977.—*
*Decided December 13, 1977.*
(Also reported in 260 N.W.2d 515.)

† Motion for rehearing denied, without costs, on February 7, 1978.

For the appellant there were briefs by *Charlton, Welcenbach & Stanich* and oral argument by *Joseph J. Welcenbach,* all of Milwaukee.

For respondent there was a brief by *Joseph Salituro,* corporation counsel, and oral argument by *Frank Volpintesta,* acting corporation counsel for Kenosha county.

ABRAHAMSON, J. The principal issue on appeal is whether under sec. 59.76, Stats.[1] a claimant may commence an action against the county more than six months after the actual disallowance of the claim by the county board but within six months after the adjournment of the next annual session of the county board after the claim was filed. The trial court sustained a demurrer to the complaint on the ground that the amended complaint did not state a cause of action because the action was not commenced within the statutory period. We reverse.

The pertinent facts, as revealed in the complaint, amended complaint and motion papers, are as follows:

In July, 1971 Patrick Armes was discharged from his position as a county park employee, and he was unsuccessful in his attempts to regain his employment. Pur-

---

[1] "59.76 Claims against counties; actions on disallowance. (1) No action shall be brought or maintained against a county upon any account, demand or cause of action when the only relief demandable is a judgment for money, except upon a county order, unless the county board shall consent and agree to the institution of such action, or unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law. . . .

"(2) The decision of the county board disallowing in whole or in part any claim of any person shall be final and a bar to any action founded thereon, except as provided in subsection (1), unless an action be brought to recover against the county within six months after such disallowance. Failure to allow a claim before the adjournment of the next annual session of the board after the claim is filed shall be deemed a disallowance."

suant to sec. 59.76, Stats., on March 24, 1973, Armes filed a notice of claim against the county for wrongful discharge. The claim was disallowed by the county board on May 15, 1973. It is undisputed that Armes never received actual notice of the denial of his claim. Notice of the county board's disallowance was, however, published in the *Kenosha Labor*, pursuant to sec. 59.09(2), Stats.,[2] in July, 1973.

The next annual session of the county board after the claim was filed adjourned in November, 1973.[3] On March 29, 1974, within six months of the adjournment of the annual session, but more than six months after the board's actual disallowance of his claim, Armes served a complaint against the county alleging wrongful discharge from employment. The county demurred to the complaint, and the court sustained that demurrer. Armes amended the complaint, but a subsequent demurrer by the county was sustained by the trial court on the grounds that Armes' action had not been filed within six months after the date of actual disallowance, *i.e.*, May 15, 1973.

After the trial court ordered the demurrer sustained, Armes moved the trial court to relieve him of the order pursuant to sec. 806.07(1)(h), Stats.,[4] alleging (1) that

[2] Sec. 59.09(2), Stats.: "Said board shall, by ordinance or resolution, provide for publication in one or more newspapers in the county as a class 1 notice, under ch. 985, a certified copy of all its proceedings had at any meeting, regular or special; said publication to be completed within 60 days after the adjournment of each session."

[3] *See* sec. 59.04(1), Stats., relating to the annual meeting.

[4] "806.07 Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

". . .

"(h) Any other reasons justifying relief from the operation of the judgment."

although the claim was actually disallowed in May 1973, he considered disallowance to be in November, 1973, the adjournment date of the next annual session and his action was filed within six months of that date; and (2) that sec. 59.76, Stats. is unconstitutional. This motion was denied. The appeal is from both the order denying the motion to review and the order sustaining the demurrer.

The first issue raised by the county concerning the sufficiency of Armes' complaint is that the complaint failed to allege the filing of the claim and either the disallowance of the claim or the adjournment of the next annual session of the board. We agree that the claimant must plead these facts to state a cause of action.

In *Maynard v. DeVries,* 224 Wis. 224, 227, 228, 272 N.W. 27 (1937), the claimant failed to prove compliance with the filing requirements of secs. 59.76 and 59.77, Stats. We held that "[t]he filing of a . . . claim is under the statutes of this state a condition precedent to the existence of a cause of action."

In *Rabe v. Outagamie County,* 72 Wis.2d 492, 241 N.W.2d 428 (1976), the county demurred to a complaint which alleged that the claimant had properly filed his claim and that more than thirty days had passed without action on the part of the county; the complaint failed to allege that the action was filed after the claim was disallowed or after the adjournment of the next annual session of the board. We sustained the demurrer noting that "[p]aragraph two of sec. 59.76, Stats., clearly states that the claimant must wait until his claim is either disallowed or until the annual meeting is adjourned without action on his claim." *Rabe, supra* at 500. The *Rabe case* holds that the claimant must plead filing of the claim and

disallowance (or adjournment date) ; these facts are re-
quired elements of a cause of action.[5]

In the case at bar Armes' amended complaint alleged
that he had filed a claim pursuant to sec. 59.76, Stats.,
and that he had not been served with a notice of the dis-
allowance of his claim. We have often said that a com-
plaint must be given a liberal construction in favor of
stating a cause of action.[6] A reasonable inference from

---

[5] Failure to allege that a claim was filed and that it was dis-
allowed is demurrable. *Cf. Foreway Express, Inc. v. Hilbert,* 32
Wis.2d 371, 373, 145 N.W.2d 668 (1966) relating to sec. 62.25(1)
(a), Stats.

Failure to allege that a proper claim was filed is demurrable.
*Firemen's Ins. Co. v. Washburn County,* 2 Wis.2d 214, 228, 85
N.W.2d 840 (1957).

For cases in which the claimant alleged filing the claim and dis-
allowance of the claim, *see Jasenczak v. Schill,* 55 Wis.2d 378, 380,
198 N.W.2d 369 (1972); *Hicks v. Milwaukee County,* 71 Wis.2d
401, 403, 238 N.W.2d 509 (1975).

Compare our interpretation of sec. 895.43(1), Stats. We have
held that a claimant is not required to allege the giving of notice
or actual notice and the nonexistence of prejudice; the city is
required to plead lack of compliance with the statute as a defense.
*Weiss v. City of Milwaukee,* 79 Wis.2d 213, 255 N.W.2d 496
(1977); *Rabe v. Outagamie Co.,* 72 Wis.2d 492, 498, 241 N.W.2d 428
(1976); *Majerus v. Milwaukee Co.,* 39 Wis.2d 311, 317, 159 N.W.
2d 86 (1968).

Compare our interpretation of sec. 62.25, Stats. *See Schwartz v.
Milwaukee,* 43 Wis.2d 119, 168 N.W.2d 107 (1969) interpreting
sec. 62.25, Stats. not to require compliance with the statute at the
time of commencement of the action but requiring compliance
when the issue of non-compliance was raised. In *Schwartz* after
the claim was filed and rejected, these facts were set forth in the
amended complaint.

*See* Annotation, *Necessity & Sufficiency of Plaintiff's Pleading
of Having Given Requisite Notice or Presented Claim to Municipali-
ty or Other Public Body,* 83 ALR2d 1178 (1962).

[6] Sec. 263.27, Stats., provides:

"In the construction of a pleading for the purpose of determining
its effect its allegations shall be liberally construed, with a view
to substantial justice between the parties."

the pleadings is that the claim was disallowed by the county board. As so construed the amended complaint states a cause of action.

Armes did not have to allege that the action was started within six months after disallowance. That a lawsuit is brought too late is a matter of affirmative defense which can be raised by demurrer where the defect appears on the face of the complaint (sec. 263.06(7), Stats. 1973), or by answer (sec. 263.11, Stats. 1973). *See* sec. 802.02(3), Wis. Rules of Civil Procedure, effective January 1, 1976.[7]

After the demurrer was sustained, Armes moved the trial court to relieve him of the order pursuant to sec. 806.07(1)(h), Stats.[8] Armes' petition, filed as part of the motion papers, clearly set forth the disallowance of the claim, the date of disallowance, and the date of adjournment of the next annual session of the board. The petition also alleged that the action was commenced within the six-month time limit, using the date of adjournment as the date of disallowance under the statute. Thus if the trial court had sustained the demurrer only on the ground that the complaint failed to allege the disallowance of the claim, the date thereof and commencement of the action within the six-month period, it should have modified its order sustaining the demurrer and should have permitted Armes to replead.

In determining whether a complaint is subject to a demurrer, the pleadings must be construed liberally. *Clark v. Corby*, 75 Wis.2d 292, 301, 249 N.W.2d 567 (1977); *DeBauche v. Knott*, 69 Wis.2d 119, 121, 122, 230 N.W.2d 158 (1975); *Theune v. Sheboygan*, 57 Wis.2d 417, 420, 204 N.W.2d 470 (1973); *Volk v. McCormick*, 41 Wis.2d 654, 658, 165 N.W.2d 185 (1969). *See also* Callaghan's Wis. Pl. & Pr., sec. 20.17.

[7] Atkinson, *Pleading the Statute of Limitation*, 36 Yale L.J. 914, 926 (1927).

[8] *See* note 4 *supra.*

The trial court sustained the demurrer, and then refused to relieve Armes of the order, holding that Armes had failed to state a cause of action under sec. 59.76(2), Stats., because an action commenced ten months after the date of actual disallowance but within six months after the date of the adjournment of the annual session of the county board is as a matter of law outside the time period prescribed by sec. 59.76(2), Stats. We conclude that Armes' action was commenced within the statutory time limit. We have reached this conclusion after carefully considering not only the language of sec. 59.76(1) and (2) but also the statutory procedure for filing and processing claims against the county and the public policy underlying statutes of limitation.

The first step is to analyze the language of sec. 59.76 which is reprinted in note 1 *supra*. Sec. 59.76(1) provides that no action shall be brought on a claim[9] (1) unless the county shall consent and agree to the institution of the action or (2) unless the county board shall "have failed to act upon [the claim] within the time fixed by law." Section 59.79, Stats. requires the county board to act on the claim before the adjournment of the next annual session of the board after the claim is filed. Sec. 59.76(1) does not set forth a time limit during which the court action must be brought after the adjournment of the next annual session; read literally sec. 59.76 (1) is not applicable to the case at bar because the county board did not consent to the action and because the county board *did* act upon the claim within the time fixed by law—it disallowed it.

If the county board acts upon the claim and disallows it, sec. 59.76(2) appears to be the applicable provision. The first sentence states that no action shall be brought if the county has disallowed the claim, unless the action is

---

[9] Sec. 59.76(1), Stats., provides a different procedure for actions on a county order.

brought within six months of disallowance. Thus the first sentence of sec. 59.76 (2) appears to fix a time interval during which an action is to be brought: an action cannot be brought *before* disallowance of the claim; and an action cannot be brought more than six months *after* such disallowance.[10] Disallowance would, at first reading, seem to mean actual disallowance by the county board. However, the apparent meaning is altered by the second and final sentence of sec. 59.76 (2) which states: "Failure to allow a claim before the adjournment of the next annual session . . . shall be deemed a disallowance." This sentence appears to be an attempt to define disallowance.

The county argues that the final sentence of sec. 59.76 (2) supplies the missing date under the contingency provided in sec. 59.76 (1), namely that the last date for bringing an action against the county when the county has failed to act upon the claim within the time fixed by law is within six months after adjournment of the next annual session. Thus, says the county, the phrase "failure to allow a claim before the adjournment" in this final sentence in sec. 59.76 (2) means the same thing as the phrase "failed to act upon the [claim] within the time fixed by law" used in sec. 59.76 (1).

Armes argues that "failure to allow a claim before the adjournment" in the final sentence in sec. 59.76 (2) defines disallowance as used in sec. 59.76 (2), and the phrase means not only the board's omission to take final action on the claim before adjournment but also the

[10] Our court has discussed this filing-of-claim statute, sec. 59.76, Stats., in *Colburn v. Ozaukee County*, 39 Wis.2d 231, 236, 238, 159 N.W.2d 33 (1968). We noted that the statute does not set a limit as to the time within which the claim must be presented, but provides that once a claim has been presented and disallowed, the action must be brought within the statutory six-month time limit. The principal purpose of a filing-of-claim statute is to afford the municipality an opportunity to effect compromise without suit.

board's actual disallowance of the claim before adjournment. Under Armes' construction, an action to recover against the county can be brought within six months after the adjournment of the next annual session of the board after the claim is filed whether or not the county actually disallowed the claim. It is the opinion of this court that sec. 59.76(2), Stats., should be read as Armes contends.

If, as the county contends, the legislature had intended to say in sec. 59.76(2) that "failure to act upon the claim before the adjournment of the next annual session shall be deemed a disallowance," it would have done so. The legislature used this very language ("failed to act upon the claim . . .") in sec. 59.76(1). Where the legislature uses two different phrases, i.e., "failure to allow" the claim and "failed to act upon" the claim, in two paragraphs in the same section, it is presumed to have intended the two phrases to have different meanings.[11] "Failed to act upon" can only mean that no final decision was made; "failure to allow the claim" can be construed to include the omission to take final action as well as the actual disallowance of the claim.

If we trace the statutory procedure for processing claims, it is apparent that the legislative purpose is aided by the construction of the statutes adopted in the case at bar. The purpose of sec. 59.76 is, obviously, to promote the orderly presentation of claims to the county and to the courts.

The first step in enforcing a claim against the county is to file the claim with the county clerk. Sec. 59.77(1), Stats. The county clerk must then "lay before" the county board all claims filed with the clerk since the last

---

[11] There are several Wisconsin governmental claims statutes, and it is noteworthy that the legislature has used different terminology in them. *See* secs. 62.25(1), 118.26, 119.68, Stats.

meeting of the board. Sec. 59.79, Stats. The statute authorizes the board to examine and settle all claims against the county; the board may allow the claim or disallow the claim in whole or part. Secs. 59.07(3), 59.79, Stats. Once the claim is before the board, the statutes require the county board to act upon the claim before the adjournment of the next annual session of the board after the claim is filed with the clerk. Sec. 59.79, Stats. The board, pursuant to statute, must publish a certified copy of all of its proceedings at any meeting within sixty days after the adjournment of each session. Sec. 59.09(2), Stats. The statutes do not, however, require the board to notify the claimant of disallowance of his claim.[12]

The statutes make adjournment date of the annual session a key date in the process—it is the time by which the board must act on the claim. The date of the annual session is prescribed in the statutes. The statute does not require that notice be given to the claimant of disallowance of the claim. Under this system of processing claims, it is reasonable to tie the outer time limit for the claimant's commencing action to the adjournment of the next annual session of the board, a date certain in the claims processing procedure.

The construction of sec. 59.76 adopted by this court is consonant with the public policy justification for statutes of limitation. Statutory limitations on actions are designed to ensure prompt litigation of valid claims[13] and

[12] *Compare* sec. 62.25(1)(c), Stats. (cities), sec. 118.26 (school districts) and 119.68 (Milwaukee school system) requiring the clerk or secretary or business manager to serve or cause to be served on the claimant notice of disallowance.

[13] *Rosenthal v. Kurtz*, 62 Wis.2d 1, 7, 213 N.W.2d 741, 216 N.W.2d 252 (1973); *Gamma Tau Educ. Foundation v. Ohio Cas. Ins. Co.*, 41 Wis.2d 675, 683, 165 N.W.2d 135 (1969); *Oconto Co. v. Jerrard*, 46 Wis. 317, 326, 50 N.W. 591 (1879). *See* Note, *Develop-*

to protect a defendant from fraudulent or stale claims brought after memories have faded or evidence has been lost.[14] The construction of sec. 59.76 adopted by this court does not unduly prolong the time period during which a suit may be commenced; it assures prompt litigation. At the same time our construction protects access to courts. Although this court recognizes the public policy reasons for statutory limitations, we also recognize the existence of an equally strong public policy to allow those with meritorious claims and who have been as diligent as possible an opportunity to seek redress for injuries sustained.[15] In the case at bar the claimant showed reasonable diligence by following a reasonable interpretation of the words of the statute. The statute of limitations should not be construed to bar his claim. This court has said that "a statute of limitations should not be applied to cases not clearly within its provisions" and that "statutes creating limitations are to be reasonably and fairly construed, but should not be extended by [judicial] construction." *Pugnier v. Ramharter*, 275 Wis. 70, 77, 81 N.W.2d 38 (1957). Our construction of sec. 59.76 complies with the rule of construction set forth in *Pugnier*.

In light of the language of sec. 59.76, Stats., the statutory scheme of processing claims, and the judicial presumptions favoring those who diligently press their claims and disfavoring judicial construction extending statutory limitations to cases not clearly within the statutory provisions, we hold that whether the board disallowed the claim or failed to act upon the claim, a claim-

---

*ments in the Law—Statutes of Limitation*, 63 Harv. L. Rev. 1177, 1188–89 (1950).

[14] *Peterson v. Roloff*, 57 Wis.2d 1, 6, 12, 203 N.W.2d 699; *Bowe v. La Buy*, 215 Wis. 1, 3, 253 N.W. 791 (1934).

[15] *Rosenthal v. Kurtz, supra*, note 13 at 7–8.

ant against a county may, under sec. 59.76 (2), commence his action within six months from the adjournment of the next annual session of the board after the claim is filed. We do not, however, require a claimant to wait until the adjournment of the next annual session to commence his action if the county board actually disallowed the claim;[16] a claimant may commence action as promptly as he wishes after the board has acted upon his claim and disallowed it.

In view of our disposition of this case, we do not reach the constitutional issues raised by the claimant.[17]

*By the Court.*—Orders reversed and cause remanded.

---

[16] *Cf. Rabe v. Outagamie County,* 72 Wis.2d 492, 500, 241 N.W.2d 428 (1976).

[17] Armes contends that sec. 59.76 denies claimants against the county due process and equal protection of the laws because the section fails to require notice of disallowance and treats claimants against counties differently from claimants against other governmental units and differently from claimants against nongovernmental defendants. For a discussion of these and similar issues, *cf. O'Neil v. City of Parkersburg,* 237 S.E.2d 504 (W. Va. 1977); *Jenkins v. State,* 85 Wash.2d 883, 540 Pac.2d 1363 (1975); *Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845 (1975); *Reich v. State Highway Dept.,* 386 Mich. 617, 194 N.W.2d 700 (1972); Annot., *Modern Status of the Law as to Validity of Statutes or Ordinances Requiring Notice of Tort Claim Against Local Governmental Entity,* 59 ALR3d 93 (1974).