Clinton J. COLBY, Plaintiff-Appellant,

v.

COLUMBIA COUNTY, Wisconsin and Columbia County Highway Commissioner, Kurt Dey, or his predecessor in interest, Defendants-Respondents-Petitioners.

Supreme Court

*No. 93–3348. Oral argument January 30, 1996.—Decided June 28, 1996.*

(Also reported in 550 N.W.2d 124.)

342

344

For the defendants-respondents-petitioners there were briefs by *Bradley D. Armstrong, Paul Voelker* and *Axley Brynelson*, Madison and oral argument by *Paul Voelker*.

For the plaintiff-appellant there was a brief by *Eric A. Farnsworth* and *DeWitt Ross & Stevens, S.C.*, Madison and oral argument by *Eric A. Farnsworth*.

JON P. WILCOX, J. The defendant-respondent-petitioner Columbia County seeks review of a decision of the court of appeals which reversed a circuit court order dismissing a personal injury action against Columbia County and Columbia County Highway Commissioner Kurt Dey (Columbia County) filed by the plaintiff-appellant-respondent Clinton J. Colby (Colby). *See Colby v. Columbia County*, 192 Wis. 2d 397, 531 N.W.2d 404 (Ct. App. 1995). The circuit court had dismissed the action against Columbia County on the ground that Colby's claim had accrued more than 3 years before the commencement of the action and, therefore, the action was barred by the statute of limi-

345

tations under Wis. Stat. § 893.54 (1993-94).[1] The appellate court reversed, holding that the 3-year statute of limitations had been tolled when Colby filed his first complaint against Columbia County, despite such action having been dismissed as premature. *Colby*, 192 Wis. 2d at 398-99.

We are presented with two issues on this appeal. First, was the premature filing of a summons and complaint that was subsequently dismissed because of the failure to comply with the provisions of Wis. Stat. § 893.80(1)(b), sufficient to toll the statute of limitations? Secondly, we are asked to consider whether the decision of the court of appeals in *Fox v. Smith*, 159 Wis. 2d 581, 464 N.W.2d 845 (Ct. App. 1990), failed to observe the precedent established by this court in *Maynard v. De Vries*, 224 Wis. 224, 272 N.W. 27 (1937) and should be reversed.

I.

The facts on this review are not in dispute. On March 10, 1990, Colby was injured in a motor vehicle accident in Columbia County when the vehicle in which he was a passenger struck a concrete abutment located approximately two feet from the highway. Colby was rendered a quadriplegic as a result of the accident. Though retaining counsel in August 1990, Colby did not file a notice and claim with the clerk of Columbia County, pursuant to Wis. Stat. § 893.80(1)(b), until February 24, 1993, less than three

[1] All future statutory references are to the 1993-94 volume unless otherwise indicated. Section 893.54 provides in relevant part:

**893.54. Injury to the person.** The following action shall be commenced within 3 years or be barred:

(1) An action to recover damages for injuries to the person.

weeks before the statute of limitations was set to expire, on March 10, 1993. Section 893.80(1) provides in relevant part as follows:

> [N]o action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof . . . upon a claim or cause of action unless:
>
> . . .
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the . . . corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance.

Thereafter, a summons and complaint was filed against Columbia County in Columbia County Circuit Court on February 26, 1993, by Colby and his parents. The Columbia County Board formally denied the claim on March 17, and in its answer, moved to dismiss the complaint. Columbia County contended that the action was filed prematurely, as Colby had failed to wait the required 120 days to file the complaint after filing his claim, as required by Wis. Stat. § 893.80(1). On July 19, 1993, the Honorable Andrew B. Bissonette granted the motion in a memorandum decision, and an order of dismissal without prejudice was entered on August 9, 1993.

On August 10, 1993, Colby filed a second summons and complaint, which Columbia County again moved to dismiss, claiming that it was not timely filed under Wis. Stat. § 893.54. The motion was granted by the circuit court on November 5, 1993, the Honorable

Daniel W. Klossner presiding. The circuit court reasoned that the statute of limitations had not been tolled when the plaintiff filed his initial claim because that filing had not commenced an action. In its holding, the circuit court acknowledged a decision of the appellate court which had addressed this issue, *Fox v. Smith*, 159 Wis. 2d 581, 464 N.W.2d 845 (Ct. App. 1990), and had concluded that Wis. Stat. § 893.13(2) tolled the running of a statute of limitations where the first complaint was defective because it was prematurely filed under Wis. Stat. § 893.80(1)(b). However, the circuit court declined to follow this decision, stating that the *Fox* opinion conflicted with an earlier decision of this court, *Maynard v. De Vries*, 224 Wis. 224, 272 N.W. 27 (1937), which clearly required that Colby's second complaint be dismissed.

Colby appealed, and Columbia County filed a Petition to Bypass, which was denied by this court on July 19, 1994. On March 2, 1995, the court of appeals released its opinion reversing the decision of the circuit court. The appellate court concluded that the commencement of a suit prior to the expiration of the statute of limitations does toll the statute under Wis. Stat. § 893.13[2] even if the action is later dismissed for failure to comply with the 120-day period for disallow-

---

[2] Section 893.13(2) and (3) provide in relevant part:

**893.13 Tolling of statutes of limitation.** . . . **(2)** A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

**(3)** If a period of limitation is tolled under sub. (2) by the commencement of an action and the time remaining after final disposition in which an action may be commenced is less than 30

ance by the county, as prescribed under Wis. Stat. § 893.80. *Colby*, 192 Wis. 2d at 400-01. Further, the court of appeals stated that its decision in *Fox* was controlling on the issue, and was not in conflict with this court's earlier decision in *Maynard*. *Id.* at 406. Columbia County thereafter filed a Petition for Review which was accepted by this court on May 10, 1995.

## II.

■■■

On this review, we are asked to interpret the relationship between Wis. Stat. § 893.13, Wis. Stat. § 893.23 and Wis. Stat. § 893.80. A question of statutory interpretation involves a question of law that this court reviews without deference to the decisions of the circuit or appellate courts. *Pufahl v. Williams*, 179 Wis. 2d 104, 107, 506 N.W.2d 747 (1993) (citations omitted). When the court confronts an inconsistency between statutes, it should try to reconcile them without nullifying one or the other, in a manner that will effect legislative intent. *Phillips v. Wisconsin Personnel Comm'n*, 167 Wis. 2d 205, 217, 482 N.W.2d 121 (Ct. App. 1992).

The determination of this issue, as the parties suggest, requires a unique balancing of a plaintiff's right to access the courts with a governmental entity's fundamental right[3] to invoke a statute of limitations, as well as its legislatively mandated right to have a claim

---

days, the period within which the action may be commenced is extended 30 days from the date of final disposition.

[3] *See Maryland Cas. Co. v. Beleznay*, 245 Wis. 390, 393, 14 N.W.2d 177 (1944) (recognizing that under Wisconsin law the limitations of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which

presented to it before it is forced into costly and expensive litigation. Periods of limitation employ various policies espoused by the legislature:

> The bar created by operation of a statute of limitations is established independently of any adjudicatory process. It is legislative expression of policy that prohibits litigants from raising claims—whether or not they are meritorious—after the expiration of a given period of time. Under Wisconsin law the expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar.

*In re Estate of Fessler*, 100 Wis. 2d 437, 448, 302 N.W.2d 414 (1981) (citations omitted). The present case marks the intersection at which an alleged dilatory plaintiff confronts the clear public policies articulated in the Wisconsin Statutes involving the right of a county to limit judicial proceedings against it.

Columbia County's primary contention in this case is that a plaintiff may not commence an action against the county until the provisions in Wis. Stat. § 893.80 have been satisfied. The County bases this presumption upon the extensive legislative history as well as the words of the statute, focusing particularly upon the statement that "no action may be brought or maintained." The County contends that in construing the statute, the phrase "no action may be brought" has a peculiar meaning in the law, such that "brought" and "commenced" are commonly deemed to be synonymous. *See Schwartz v. City of Milwaukee*, 43 Wis. 2d 119, 168 N.W.2d 107 (1969). Therefore, the County asserts that

---

is as of high dignity as regards judicial remedies as any other right).

the statutory language "no action can be brought" can only mean that "no action may be commenced." We agree with this construction.

The County then directs our attention to this court's earlier decision in *Maynard* to support its contention that since Wis. Stat. § 893.80(1)(b) provides that no action may be brought or maintained against a governmental subdivision unless the claim has been rejected or 120 days have passed since the notice was filed, Colby did not commence his action when he served a summons and complaint under Wis. Stat. § 893.02 without first fulfilling the requirements of § 893.80. Therefore, Columbia County concludes that because no action had been commenced prior to the expiration of the period of limitations, Colby was not entitled to the benefit of the tolling provision in Wis. Stat. § 893.13, which requires a commencement to trigger the saving provisions of the statute. Thus, the County urges this court to reverse the decision of the court of appeals, and dismiss Colby's action as untimely.

Assuming, arguendo, that Columbia County is correct in its contention that the legislature intended to prohibit a plaintiff from commencing an action against a governmental subdivision until the requirements of Wis. Stat. § 893.80 are satisfied, and the plaintiff is not entitled to the tolling statute, Wis. Stat. § 893.13, then the plaintiff, in effect, would be subjected to a "statutory prohibition" from filing until the expiration of the 120-day disallowance period. If in fact Colby is precluded from filing his claim against Columbia County by virtue of § 893.80, he argues that nevertheless, he is entitled to the tolling provisions contained within Wis. Stat. § 893.23 which states:

**893.23 When action stayed.** When the commencement of an action is stayed by injunction or **statutory prohibition** the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action. (Emphasis added).

The plain language of the statute clearly states that when the commencement of an action is stayed by statutory prohibition, the limitations period is tolled until such prohibition is terminated. The legislative history of this statutory provision is scarce and uninformative, and the parties have not provided us with any additional insight as to the relative applicability of the statute to the facts presented before us. There are only two reported cases involving earlier versions of the statute, neither of which are applicable to the facts before us or instructive as to the statute's force and effect,[4] and Columbia County has not presented an argument which overcomes the language of the statute.

A number of statutes, city charters, and ordinances generally prescribe that one who has a tort

---

[4] *See Albright v. Albright,* 70 Wis. 528, 36 N.W. 254 (1888) (holding that notice of the widow's election to take the provision made for her by law instead of that made by her husband's will must be filed within one year after the death of the husband; and such time is not extended by a stay of proceedings during the pendency of an appeal from an order refusing to admit the will to probate); *Wescott v. Upham,* 127 Wis. 590, 107 N.W. 2 (1906) (concluding that statute providing for action against sureties on a bond providing that if the person entitled to bring an action shall be under any legal disability to sue, the want of legal capacity to sue refers to some characteristic of the person disqualifying him in some degree from acting freely for the protection of his rights, not to an impediment to the maintenance of the particular cause of action).

claim against a governmental body shall provide to such body a written notice of the claim within a specified time period, precluding the commencement of an action until a designated time has expired after the giving of the notice or until the claim has been rejected. One commentator has noted that such a statutory prohibition does, in fact, operate to toll the statute of limitations:

> Where the law not only requires a presentation or notice of claim but also prohibits the claimant from bringing suit until the claim is rejected or until the lapse of a definite period of time after presentation or notice, the majority view is that the claimant has no cause of action until the expiration of the time during which he is prohibited from bringing suit, and therefore the period of limitations does not begin to run until the end of the statutory prohibition.

*Limitation Period as Affected By Requirement of Notice or Presentation of Claim Against Governmental Body*, 3 A.L.R. 2d 711, 712-13 (1949). Other states have enacted statutes which provide that where the commencement of an action has been stayed by injunction or by statutory prohibition, the time of the continuance of the stay is not part of the time limited for the commencement of an action. *Id.* at 719.[5]

---

[5] *See Brehm v. City of New York*, 10 N.E. 158 (N.Y., 1887); *Amex Asphalt Co. v. New York*, 33 N.Y.S.2d 182 (N.Y.A.D. 2 Dept., 1942), *aff'd*, 43 N.E.2d 97; *D & D Chemist Shops v. New York*, 47 N.Y.S.2d 163 (N.Y. Sup., 1944), *rev'd on other grounds*, 55 N.Y.S.2d 114 (1945); *Woodcrest Constr. Co. v. New York*, 57 N.Y.S.2d 498 (N.Y. Sup., 1945), *aff'd*, 75 N.Y.S.2d 299 (N.Y.A.D. 1 Dept., 1947); *Unadilla v. Felder*, 89 S.E. 423 (Ga., 1916); *Rome v. Rigdon*, 16 S.E.2d 902 (Ga., 1941), *aff'd*, 16 S.E.2d 902 (Ga., 1941); *Atlanta v. Truitt*, 190 S.E. 369 (Ga. App., 1937).

A tolling provision for statutory waiting periods virtually identical to that contained in Wis. Stat. § 893.23 can be found in the statutory framework of the state of New York. N.Y. CPLR Law § 204 (McKinney 1996), with historical origins dating back to the Field Codes in 1848, provides as follows:

> § 204. Stay of commencement of action; demand for arbitration.
>
> (a) Stay. Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.
>
> (b) Arbitration. Where it shall have been determined that a party is not obliged to submit a claim to arbitration, the time which elapsed between the demand for arbitration and the final determination that there is no obligation to arbitrate is not part of the time within which an action upon such claim must be commenced. The time within which the action must be commenced shall not be extended by this provision beyond one year after such final determination.

Section CPLR 204(a) operates to toll the statute of limitations when the commencement of an action is stayed by statutory prohibition, thereby extending the period of limitations. For example, N.Y. PAL Law § 1276(1) (McKinney 1996) provides that a tort action may not be commenced against the Metropolitan Transportation Authority until after 30 days have elapsed from service upon the Authority of a notice of claim and the Authority has neglected or refused to adjust or pay the claim. In *Burgess v. Long Island R.R. Authority*, 587 N.E.2d 269 (N.Y., 1991), the court of appeals viewed the 30-day waiting period as a "stay" within the meaning of CPLR

204(a). Thus, the period of the stay was not to be counted as part of the 1-year limitations period for an action against the Authority, and the plaintiff could commence the action at any time up to 1 year and 30 days from the accrual of the cause of action.[6]

Recognizing the inconsistent extensions of time which resulted when calculating a plaintiff's period of limitations for bringing actions against various quasi-governmental entities, the New York legislature sought to clarify and make uniform existing provisions

---

[6] *See also De Jose v. Town of Hempstead*, 208 N.Y.S.2d 6 (N.Y.Sup., 1960) (finding that where commencement of action against municipality is stayed by statute for period during which a prescribed procedure is to be carried out, the period of limitations within which action may be brought is extended for full period of statutory stay); *Berman v. City of Syracuse*, 179 N.Y.S.2d 142 (N.Y.Sup., 1958) (holding that when a statute provides a mandatory waiting period for the commencement of an action against a municipality, the extent of the waiting period must be added to the statutory limitation of one year to obtain the time within which such action may be brought); *Sullivan v. City of Watervliet*, 136 N.Y.S.2d 411 (N.Y.A.D. 3 Dept., 1954) (noting that charter provision providing that action against city for personal injuries must be begun within one year of alleged injury, but staying commencement of any action until three months after presentation of claim to council, three months' stay of action should be added to the limitation of one year to obtain time within which action may be brought, thus giving one year and three month limitation on tort claims against city); *Feinon v. City of Long Beach*, 137 N.Y.S.2d 98 (N.Y.Sup., 1954) (same); *Mulligan v. Westchester County*, 71 N.Y.S.2d 153 (N.Y.A.D. 2 Dept., 1947) (concluding that under law providing that no action for damages shall be commenced against a county until expiration of three months after service of notice of claim, three month period was not part of time limited for the commencement of the action, since commencement was stayed by statutory prohibition).

with respect to the filing of claims and the commencement of actions when it enacted Section 50-i of the General Municipal Law.[7] The statutory language thereby renders the toll of CPLR 204(a) largely inoperative in tort actions against cities, counties, towns, villages, fire districts and school districts, as GML 50-i(1) prescribes a limitations period of 1 year and 90 days for all such actions. Neither the 30-day waiting period following service of a notice of claim nor the time required when the municipality conducts an examination of the claimant will operate to extend the limitations period, *see* GML 50-i(3). The no-extension language evinces the legislature's intent to preclude the applicability of CPLR 204(a) in actions governed by GML 50-i. *See Astromovich v. Huntington Sch. Dist. No. 3*, 436 N.Y.S.2d 93 (N.Y.A.D. 2 Dept., 1981), *aff'd,*

---

[7] N.Y. GML Law § 50-i (McKinney 1996) provides as follows:

1. No action or special proceeding shall be prosecuted or maintained against a city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property alleged to have been sustained . . . unless, (a) a notice of claim shall have been made and served upon the . . . in compliance with section fifty-e of this chapter, . . . (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based; except that wrongful death actions shall be commenced within two years after the happening of the death.

2. This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter.

3. *Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action or special proceeding.* (Emphasis added).

436 N.E.2d 192.(N.Y., 1982)[8] Following passage of the legislation in 1959, the court of appeals, in *Baez v. New York City Health and Hospitals Corp.*, 607 N.E.2d 787 (N.Y., 1992), held that in actions against the New York City Health and Hospitals Corporation, "the Legislature did not intend [the 30-day waiting period between service of a notice of claim and commencement of the action and the time for claimant's compliance with a pre-action examination request] to extend the limitations period." *Id.* at 789.

In the present case, we conclude that the interplay between Wis. Stat. § 893.23 and Wis. Stat. § 893.80, in effect, creates a statute of limitations equal to 3 years and 120 days when filing a claim under § 893.80. The 120-day waiting period, required prior to the commencement of an action against the county, must be added to the statutory limitation of 3 years in order to obtain the time within which the action may be brought, thereby producing a 3-year-120-day limitations period on tort claims against the county by operation of the statutory stay of § 893.23. Section 893.80(1)(b) requires that the plaintiff first provide the county with a notice of claim, followed by either a denial of such claim by the county, or the expiration of the 120-day disallowance period, prior to the filing of a

---

[8] Prior to the adoption of GML 50-i, the period of limitations for tort actions against municipalities was 1 year, but this was subject to inconsistent tolls caused by diverse waiting periods. The legislature sought to achieve uniformity by eliminating any tolls for waiting periods and compensating for this by lengthening the statute of limitations to 1 year and 90 days. *See Note of Commission on Legislative Purpose*, Laws of 1959, ch. 788 appendix; *see also Joiner v. City of New York*, 274 N.Y.S.2d 362 (N.Y.A.D. 2 Dept., 1966).

summons and complaint. These requirements must be completed within the 3 year and 120-day period of limitations. Though we recognize that § 893.23 frustrates the clear public policies which underlie the utilization of the notice of claims statute,[9] unless an exception can be found in the statute to preclude its applicability, it cannot be imported by this court. The solution to this conflict is a matter reserved to the province of the legislature.

Although Colby had not complied with the notice requirements of Wis. Stat. § 893.80 at the time he filed his first summons and complaint, he argues, nevertheless, that the 3-year statute of limitations was tolled by his premature filing of a summons and complaint on February 26, 1993. We conclude that the filing of a summons and complaint, absent prior satisfaction of the notice requirement of § 893.80, is not sufficient to toll the statute of limitations, as the action has not yet been commenced at such point. In addition, Wis. Stat. § 893.23 does not operate as a saving statute in the present case which would permit Colby to prevail. Colby's first summons and complaint, filed February 26, 1993, was defective, as he had failed to wait until the County had either denied his claim, or the 120-day disallowance period had expired. The second summons and complaint was filed August 10, 1993, and was clearly outside the 3-year and 120-day period of limitations. As a result, Colby is incorrect in his assertion that § 893.23 saves his first summons and complaint.

---

[9] *See Armes v. Kenosha County*, 81 Wis. 2d 309, 319-20, 260 N.W.2d 515 (1977) (observing that statutory limitations on actions are designed to ensure prompt litigation of valid claims and to protect a defendant from fraudulent or stale claims brought after memories have faded or evidence has been lost).

However, Colby also presents this court with the assertion that his second summons and complaint was timely filed, predicated upon an interpretation of the tolling effect of Wis. Stat. § 893.13(2) which provides that the statute of limitations is "tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies." Colby rests upon the reasoning advanced by the court of appeals in the case before us, wherein it stated:

> [Colby] had thirty days from the trial court's order of August 9, 1993, dismissing the first complaint to file the second complaint. The thirty-day period of § 893.13(3) would apply because at the time Colby filed the first complaint on February 26, 1993, there were fewer than thirty days left until the expiration of the statute of limitations. The filing of the second complaint on August 10, 1993, is within the thirty-day period.

*Colby*, 192 Wis. 2d at 401 (footnote omitted). The cornerstone for the court of appeals' conclusion can be traced to an earlier decision of the court of appeals in *Fox*, in which that court had occasion to construe Wis. Stat. § 893.80(1)(b), and concluded:

> The provision in section 893.80(1)(b), Stats., that "no action may be brought or maintained" until either the claim is disallowed or the 120-day period has expired merely makes an action premature unless one of those events has occurred. It does not override the clear language of sections 893.13(3) and 893.02, STATS., which combine to toll the statute of limitations whenever an action is commenced-that is, whenever there is the physical act of filing with the court a "summons naming the defendant

359

and the complaint," provided there is proper service within 60 days.

*Fox*, 159 Wis. 2d at 586-87. Columbia County argues that the court of appeals' decision in *Fox* failed to observe the precedent established by this court in *Maynard* regarding the effect that the notice of claim requirement has on the commencement of an action.

In *Maynard*, this court was asked to construe the meaning of then Wis. Stat. § 59.76(1) (1927), the very language at issue before us, which read, in pertinent part as follows:

> Sec. 59.76 *Claims against counties; actions on; disallowance.* (1) No action shall be brought or maintained against a county upon any account, demand or cause of action . . . unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law . . . .

*Maynard*, 224 Wis. at 227 (ellipses by the court). We determined that the plaintiff's attempt to bring an action against the county without first complying with the statutory requirements to bringing such action, necessitated a finding that the action had not been truly commenced within the meaning of the statute. The court found it immaterial that a summons and complaint had been properly served on the defendant county, remarking:

> We see no escape from the conclusion that this action was prematurely brought and cannot be maintained. Under the provisions of [Wis. Stat. § 59.76(1) and 59.76(1)(a)], when the instant action was begun on December 26, 1935, there was no cause of action in existence in favor of the plaintiff against Columbia County. Furthermore, the stat-

ute prohibited the commencement of any action or its maintenance after it was commenced without first filing a claim. Unless we ignore the plain letter of these statutory provisions, the contention of the defendant county must be sustained.

*Id.* The controlling language utilized in *Maynard* was thereafter cited with approval by this court in *Armes v. Kenosha County*, 81 Wis. 2d 309, 260 N.W.2d 515 (1977), wherein we stated:

> In *Maynard v. De Vries* . . . the claimant failed to prove compliance with the filing requirements of sec. 59.76 and 59.77, Stats. We held that "[t]he filing of a . . . claim is under the statutes of this state a condition precedent to the existence of a cause of action."

*Id.* at 313.[10]

 *Maynard* and its progeny clearly establish that a cause of action is not properly commenced when a plaintiff prematurely files a summons and complaint, without first complying with notice requirements such as those inscribed in Wis. Stat. § 893.80. Section 893.80 prohibited the commencement of the original action by Colby in this case, where suit was filed only two days

---

[10] *See also Yotvat v. Roth*, 95 Wis. 2d 357, 290 N.W.2d 524 (Ct. App. 1980), which construed then Wis. Stat. § 895.45(1), the Claims Against State Employees Statute, holding:

> Section 895.45(1), Stats., provides that no action may be "brought" against a state officer, employee or agent unless the prescribed notice is given . . . . *Armes v. Kenosha County* is controlling . . . . *Armes* applied *Maynard v. De Vries*, 224 Wis. 224, 228, 272 N.W. 27 (1937), which held that compliance with § 59.76, Stats. 1971, "is under the statutes of this state a condition precedent to the existence of a cause of action."

*Id.* at 360-61 (citations omitted).

after the statutory claim was filed with Columbia County, precluding the County from undertaking a thorough investigation of the claim. We hold that in a case involving § 893.80, where a claim has not been properly filed, a court need not reach the issue of whether Wis. Stat. § 893.13 tolls the running of the statute of limitations, because the operation of § 893.13 applies only to commenced actions, and under § 893.80, an action cannot be commenced if a claim has not been properly filed. Commencement of an action, where commencement is barred by statute, cannot toll a statute of limitations.

The decision of the court of appeals in *Fox* which concluded that Wis. Stat. § 893.02 and Wis. Stat. § 893.13 overrides the notice provisions in Wis. Stat. § 893.80, thereby tolling the statute of limitations whenever there is the physical act of filing a summons and complaint with the court, directly conflicts with the well-established precedent of this court. A plain reading of § 893.80 dictates that no action may be commenced until the claim has actually been disallowed or 120 days have passed since its filing. Since an action has not truly been commenced, we need not reach the point at which § 893.13, which requires a commencement of the action to trigger the tolling, need be interpreted, as it is not applicable.

Moreover, the court of appeals' decision in *Schwetz v. Employers Ins. of Wausau*, 126 Wis. 2d 32, 374 N.W.2d 241 (Ct. App. 1985), upon which the *Fox* court relied, does not support its conclusion that Wis. Stat. § 893.13 operates to toll the statute of limitations, despite the notice requirements of Wis. Stat. § 893.80. In *Schwetz*, the court of appeals concluded that the plaintiff's action against the school district should be dismissed, noting:

362

> The Schwetzes did not properly commence their first action. Under sec. 893.80(1)(b), Stats., the Schwetzes could not commence a suit unless the school district actually disallowed the itemized relief statement or 120 days had passed since its filing . . . . Because the Schwetzes failed to wait the 120 days required before filing, the trial court correctly dismissed the first action. As a result, the statute of limitations was not tolled because, under the statute, no action was commenced.

*Schwetz*, 126 Wis. 2d at 34-5. Because the court of appeals in *Fox* failed to follow the precedent established by this court in *Maynard* and its progeny, we hold that the *Fox* decision is overruled.[11]

■

We conclude that this holding should only be applied prospectively and therefore affirm the decision of the court of appeals on different grounds. Generally, this court adheres to the "Blackstonian Doctrine," which provides that a decision overruling or repudiating an earlier decision operates retrospectively. *Harmann v. Hadley*, 128 Wis. 2d 371, 377, 382 N.W.2d 673 (1986). The court has, however, acknowledged that inequities may occur when a court departs from precedent and announces a new rule of law.

■

"This court has, therefore, recognized exceptions to the 'Blackstonian doctrine' and has used the device of prospective overruling, sometimes dubbed 'sunbursting,' to limit the effect of a newly announced rule." *Id.* at 377-78; *see also Olson v. Augsberger*, 18 Wis. 2d 197, 200, 118 N.W.2d 194 (1962). This court's decision to

---

[11] We similarly overrule that portion of *Schwetz*, 126 Wis. 2d at 37 n.4, which is in conflict with the remainder of our holding in the present case.

apply a judicial holding prospectively is a question of policy and involves balancing the equities peculiar to a particular case or rule so as to mitigate hardships that may occur in the retroactive application of new rules. *Bell v. County of Milwaukee*, 134 Wis. 2d 25, 31, 396 N.W.2d 328 (1986). Sunbursting has been applied to developments within the common law as well as changes in the way that courts interpret statutes. *See* Fairchild, *Limitation of New Judge-Made Law to Prospective Effect Only: "Prospective Overruling" or "Sunbursting,"* 51 MARQ. L. REV. 254 (1967-68) (passim).

Retroactive operation has been denied where the purpose of the new ruling cannot be served by retroactivity, and where retroactivity would tend to thrust an excessive burden on the administration of justice. *Fitzgerald v. Meissner & Hicks, Inc.*, 38 Wis. 2d 571, 576, 157 N.W.2d 595 (1968). In tort cases, this court is concerned that courts would have to relitigate cases already disposed of by previous litigation or settlements. In the present case, we have concluded that an action is not truly commenced under Wis. Stat. § 893.80 until the notice and claim provision is satisfied, thereby precluding the applicability of Wis. Stat. § 893.13 to a prematurely filed summons and complaint.

This holding establishes a new principle of law which overrules past precedent (i.e., *Fox*), upon which Colby relied. In light of the number of tort claims aimed at the various governmental subdivisions or agencies thereof which would be affected by our holding regarding the statute of limitations, we have examined the inequity imposed by retroactive application, and conclude that in order to avoid injustice or hardship by a

holding of retroactivity, that portion of our holding which addresses the relationship between Wis. Stat. § 893.13 and Wis. Stat. § 893.80 will be applied prospectively.[12] As such, we find that Colby's action against Columbia County should be permitted to proceed.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[12] As one commentator has noted:

> Prospective limitation . . . allows the courts freedom to make needed changes unrestrained by concerns about the effect of those changes on past events. While the cornerstone of the technique is the protection of justified reliance, its use also promotes the stability, certainty and finality of judicial decisionmaking. Further, it is argued, in insulating precedent from changes in personnel on the state or federal high courts, prospectivity enhances public confidence in the fairness and objectivity of the judiciary.

*See* Moody, *Retroactive Application of Law-Changing Decisions in Michigan*, 28 WAYNE L. REV. 439, 443 (1982) (footnotes omitted).