**In re The CELOTEX CORPORATION, et al., Debtor.**

**Bankruptcy Nos. 90–10016–8B1, 90–10017–8B1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1998.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, George N. Wood, Vice President and General Counsel, The Celotex Corporation, Tampa, FL, for debtor.

Charles P. Schropp, Schropp, Buell & Elligett, P.A., Tampa, FL, Leon B. Kellner, Dickstein, Shapiro, Morin & Oshinsky LLP, Washington, D.C., Kevin E. Irwin, Keating, Muething & Klekamp, P.L.L., Cincinnati, OH, for The Asbestos Settlement Trust.

David S. Shrager, Shrager, McDaid, Loftus, Flum & Spivey, Philadelphia, PA, for Unknown Asbestos Bodily Injury Claimants.

James L. Patton, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Counsel to the Legal Representative for Unknown Asbestos Bodily Injury Claimants.

Ronald L. Wallenfang, Virginia H. Jones, Quarles & Brady, Milwaukee, WI, for Young Radiator Company.

Sara Kistler, Tampa, FL, Assistant U.S. Trustee.

## ORDER ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S OBJECTION TO CLAIM OF YOUNG RADIATOR, INC.

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Debtor's Motion for Summary Judgment as regards the claim of Young Radiator, Inc., Claim No. 6034. The Court, upon considering the Motion, affidavits and memoranda, together with the record, and considering the law regarding granting motions for summary judgment, finds there are no issues of material fact set forth herein. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding the standard of proof in summary judgment rulings is the same as it would be at trial); *Celotex v. Catrett*, 477 U.S. 317, 323–35, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (discussing the appropriate burden of proof and types of evidence to use in summary judgment decisions); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (detailing the elements of summary judgment analysis). Further, pursuant to this Court's decision in *In re Celotex*, 152 B.R. 667 (Bankr.M.D.Fla.1993), the Court finds it has jurisdiction and that the matters herein under consideration are core.

Twenty-six years ago, the claimant, Young Radiator, Inc. (Young Radiator), constructed a new plant. By 1975, after a few minor problems, the Debtor's roofing system was accepted and Debtor issued a repair service agreement. In 1978, Celotex was called upon to compensate claimant for leaks in its roof. Celotex agreed to the repairs and although they were made pursuant to the agreement, the roof continued to leak. Additional repairs were debated in 1980 and 1981, but thereafter communications between the parties ceased. Ultimately, Young Radiator expended approximately $11,000 on the roof between 1980 and 1984 and filed suit against the Debtor in January 1986.

In April 1988, the United States District Court for the Eastern District of Wisconsin granted Celotex's Motion for Summary Judgment holding the six-year statute of limitations had run on the tort claims. As to the warranty claims, the Motion for Summary Judgment was granted because of the lack of privity between Celotex and Young Radiator in that, prior to installation, Celotex had sold the roofing system which was placed on Young Radiator's building to an installer/general contractor. As to the breach of service agreement claim, the Court found there was no breach of agreement by Celotex and, similarly, the Motion for Summary Judgment was granted as to that cause of action.

In 1989, the Seventh Circuit Court of Appeals affirmed the District Court's ruling as to the contract claims, but reversed the Court's ruling regarding expiration of the statute of limitations and remanded the tort claims back to the District Court. *Young Radiator Co. v. Celotex Corp.*, 881 F.2d 1408, 1409 (7th Cir.1989). On October 12, 1990, Celotex filed a voluntary petition for relief under Chapter 11. Thereafter, the parties took no further action to resolve the questions in the United States District Court but, instead, Young Radiator filed a proof of claim in the bankruptcy case. The parties followed the claims resolution procedures established by this Court's standing orders in the case. Ultimately, an Objection to Claim was filed by the Debtor to Young Radiator's claim and, subsequently, a Motion for Summary Judgment on its Objection.

Young Radiator's damages are specified in its proof of claim, which include, exclusive of interest and costs, the following:

| | | |
|---|---|---:|
| 1. | Cost of Roof Replacement | $411,291.00 |
| 2. | Inspection and Consulting Fees for New Roof | 19,000.00 |
| 3. | Disbursements to Carlsen Racine Roofing | 15,830.00 |
| 4. | Young Radiator Company Maintenance | 1,295.54 |
| 5. | Schranz Roofing - Repairs | 47,911.00 |
| 6. | Damages Resulting from 2/14/81 Incident: | |
| | —Andrae Electric | 1,823.00 |
| | —Young Maintenance | 3,504.36 |
| 7. | Damages Resulting from 1/24/84 Incident: | |
| | —Andrae Electric | 292.00 |
| | —Electrical Systems | 210.00 |
| | —Production Downtime | 2,448.70 |
| 8. | Damages Resulting from 4/4/84 Incident: | |
| | —Electrical Systems | 289.30 |
| | —Production Downtime | 561.27 |
| 9. | Inspec, Inc.: Infrared Scan | 2,510.00 |
| 10. | Administrative Time | 25,000.00 |
| 11. | Miscellaneous: Photos | 175.00 |
| | **TOTAL:** | **$532,141.17** |

The gravamen of the Debtor's Motion for Summary Judgment is that any damages claimed by Young Radiator are not allowable under Wisconsin's Economic Loss Rule (Rule). Young Radiator does not dispute application of Wisconsin law but, rather, argues the Rule is inapplicable due to the "other property" exception; or, alternatively, the Rule cannot be applied retroactively in this case.

The Rule, while being recognized by the Wisconsin Supreme Court in *Sunnyslope Grading, Inc. v. Miller, Bradford and Risberg, Inc.*, 148 Wis.2d 910, 437 N.W.2d 213 (Wis.1989), has been much discussed. *See. e.g., Seibel v. A.O. Smith Corp.*, 1998 WL 315067 (W.D.Wis.1998); *Daanen and Janssen, Inc. v. Cedarapids, Inc.*, 216 Wis.2d 394, 573 N.W.2d 842 (Wis.1998); *Raytheon Co. v. McGraw–Edison Co., Inc.*, 979 F.Supp. 858 (E.D.Wis.1997); *Stoughton Trailers, Inc. v. Henkel Corp.*, 965 F.Supp. 1227 (W.D.Wis. 1997); *Hap's Aerial Enterprises, Inc. v. General Aviation Corp.*, 173 Wis.2d 459, 496 N.W.2d 680 (Wis.App.1992); *D'Huyvetter v. A.O. Smith Harvestore Products*, 164 Wis.2d 306, 475 N.W.2d 587 (Wis.App.1991); *Northridge Co. v. W.R. Grace and Co.*, 162 Wis.2d 918, 471 N.W.2d 179 (Wis.1991); *Miller v. U.S. Steel Corp.*, 902 F.2d 573 (7th Cir.1990); *Tony Spychalla Farms, Inc. v. Hopkins Agr. Chemical Co.*, 151 Wis.2d 431, 444 N.W.2d 743 (Wis.App.1989); *see generally* McCarty, 66 Mar.Wis.Law 20, *Recovery of Economic Losses in Torts* (March 1993). Although, this opinion will not restate all the policy and theory of Wisconsin's Rule which has been articulated so well by other courts, a few benchmarks are appropriate.

## THE ECONOMIC LOSS RULE

The *Sunnyslope* case dealt with the classic fact pattern associated with the Rule.

Defective components of a backhoe caused injury to the backhoe itself. The Wisconsin Supreme Court stated: "We hold that a commercial purchaser of a product cannot recover solely economic losses from the manufacturer under negligence or strict liability theories, particularly, as here, where the warranty given by the manufacturer specifically precludes the recovery of such damages." 148 Wis.2d at 920, 437 N.W.2d at 217–18.

That Court's *Northridge* decision, *supra*, several years later restated its holding in *Sunnyslope*, but in *Northridge* the facts were the obverse—the asbestos product was not defective and there was injury to products other than the product itself. Under those circumstances, the Court found the Rule did not support dismissal of the complaint: "The plaintiffs do not appear to assert in their tort counts in the complaint that the Monokote [the asbestos-containing product] itself was inferior in quality or did not work for its intended purpose, the essence of a claim for economic loss." 162 Wis.2d at 936, 471 N.W.2d at 186.

The Supreme Court of Wisconsin, in *Daanen and Janssen, Inc., supra,* responded to the Seventh Circuit's certified question concerning the Rule and the requirements of privity. In that case, like *Sunnyslope,* the plaintiff had brought an action against the manufacturer of equipment, alleging the manufacturer's negligence and strict liability for economic loss due to a defect in a component. The Wisconsin Supreme Court reiterated that a commercial purchaser was not capable of recovering from a manufacturer any damages in tort that were solely based on economic losses, even though there was no privity of contract between the parties. In its general discussion of the Rule, the Court stated "the economic loss doctrine, however, does not bar a commercial purchaser's claims based on personal injury or damage to property other than the product, or economic loss claims that are alleged in combination with

noneconomic losses. In short, economic loss is damage to a product itself or monetary loss caused by the defective product, which does not cause a personal injury or damage to other property." 216 Wis.2d at 397, 573 N.W.2d at 845 (citations omitted).

This Court is called upon to decide whether the damages claimed by Young Radiator fall within the context of the *Sunnyslope* and *Daanen and Janssen, Inc.* decisions or within the context of the *Northridge* opinion. Fortunately, the Wisconsin courts have given us some guidelines.[1]

## ANALYSIS

■ According to the Supreme Court of Wisconsin in *Northridge,* this Court must determine whether Young Radiator has "alleged a tort claim for physical harm to property (property other than the allegedly defective product itself) or whether the losses complained of by the plaintiffs are only recoverable under a theory of contract." 162 Wis.2d at 931, 471 N.W.2d at 184.

Within the *Northridge* decision, the Supreme Court made certain declarative statements which lead to the following analytical guidelines:

1. If the claimant's damages are incurred in the removal or replacement of a roof, it is the kind of damages "associated with defects in the product itself and considered economic losses." *Id.*

2. If the claimant asserts the product itself was inferior, not fit for an intended purpose, defective, or did not function as intended or expected, the claim sounds in contract law. *Id.*

3. If the claimant's losses arose from the defective product, economic loss is an apparent claim. *Id.*

4. When claimant's damages are for injury to the product itself, once again the Rule is implicated. *Id.*

1. Although the Seventh Circuit has recently commented on the Rule in *Rodman Industries, Inc., v. G & S Mill, Inc.,* 145 F.3d 940, 945 (7th Cir.1998), this Court is uncertain of its characterization as to how the "other property" exception operates. It is this Court's belief it would origi-

nally operate where the property (i.e., subject of the warranty or the commercial sale) was not damaged. *Northridge's* facts speak to this position. *Rodman* may suggest otherwise. Nonetheless, *Rodman* supports this Court's findings.

852

5. Where the product itself is defective, reasonably expected damages that flow from the defect are damages under contract law. *Id.*

Therefore, the "damage to other property" exception would not apply in a situation where there was a defective product, damages to that product, and damages reasonably anticipated from the product's defect. The *Northridge* Court determined the damages and expenses incurred to remove or replace the asbestos, and any loss of value to the property due to the presence of the asbestos, were typical damages associated with defective products which would not be recoverable in tort. *Id.*

There is no doubt Young Radiator's claim is predicated on the defect of the Celotex roofing system. All of the cited Wisconsin state and federal court decisions where defective products were claimed have utilized similar guidelines and determined the Rule would prevent recovery in tort. The Wisconsin Supreme Court in *Daanen and Janssen, Inc.*, quoted *Northridge,* stating:

[E]conomic loss is generally defined as damages resulting from inadequate value because the product "is inferior and does not work for the general purposes for which it was manufactured and sold." 162 Wis.2d 918, 925–26, 471 N.W.2d 179 (1991). It includes both direct economic loss and consequential economic loss. *See, Stoughton Trailers,* 965 F.Supp. at 1231; *Northridge Co.,* 162 Wis.2d at 926, 471 N.W.2d 179; *see also,* 1 James J. White and Robert S. Summers, *Handbook of Law Under the Uniform Commercial Code* §§ 11–5, 11–6 (4th Ed.1995). The former is a loss in the value of the product itself; the latter is all other economic losses attributable to the product defect. *See,* Swanson, *The Citadel Survives a Naval Bombardment: A Policy Analysis of the Economic Loss Doctrine,* 12 Tul.Mar.L.J. 135, 140 (1987).

In this case, the Court finds each of the items set forth in Young Radiator's claim deals with the defective roofing system of the Debtor and the damages that would be expected to flow from such defect. This Court finds that Celotex, through its Motion for Summary Judgment and the evidence in support thereof, has met its initial burden of proof whereupon the burden shifted to Young Radiator to establish the Rule did not apply or that some exception existed. The Court finds no evidence which would entitle Young Radiator to a ruling that the itemized damages set forth in their proof of claim are "damages to other property" so as to except such from being barred by the Rule as articulated by the Wisconsin courts.

## RETROACTIVITY

In most instances, any court, especially one alien to the organic law of the State of Wisconsin, would not tread up the slippery slope of retroactivity of judicial decisions. Young Radiator supports its position that the Rule is inapplicable by referring this Court solely to *Colby v. Columbia County,* 202 Wis.2d 342, 550 N.W.2d 124 (Wis.1996). There, the Court was faced with the issue of the state's statute of limitations and interpretation of various statutes dealing with same. That Court stated:

This court's decision to apply a judicial holding prospectively is a question of policy and involves balancing the equities peculiar to a particular case or rule so as to mitigate hardships that may occur in the retroactive application of new rules. *Bell v. County of Milwaukee,* 134 Wis.2d 25, 31, 396 N.W.2d 328 (1986). Sunbursting has been applied to developments within the common law as well as changes in the way that courts interpret statutes. *See* Fairchild, *Limitation of New Judge–Made Law to Prospective Effect Only: "Again Prospective Effect Only: Prospective Overruling" or "Sunbursting",* 51 Marq.L.Rev. 254 (1967–68). Retroactive operation has been denied where the purpose of the new ruling cannot be served by retroactivity, and where retroactivity would tend to thrust an excessive burden on the administration of justice. *Fitzgerald v. Meissner & Hicks, Inc.,* 38 Wis.2d 571, 576, 157 N.W.2d 595 (1968). In tort cases, this court is concerned that courts would have to relitigate cases already disposed of by previous litigation or settlements.

202 Wis.2d at 364, 550 N.W.2d at 133.

In order to deal with the *Colby* rationale, notwithstanding we are not dealing with a

statute, there would have to be a determination that *Sunnyslope* was establishing a new principle of law causing Young Radiator a hardship. This Court determines that *Sunnyslope* did not create a new principle of Wisconsin law. First, on a pragmatic note, in *Sunnyslope,* decided in March 1989, the Wisconsin Supreme Court applied the Rule to claims which arose in 1977. Second, while its earlier decision of *City of La Crosse v. Schubert, Schroeder & Associates, Inc.,* 72 Wis.2d 38, 240 N.W.2d 124 (1976) had allowed damages to the product itself as a loss based on a strict liability cause of action and in tort, that case did not deal with a warranty situation as in *Sunnyslope.* There is nothing in *Sunnyslope* which would suggest it was overruling the *La Crosse* decision. Instead, it suggested cases used by the *La Crosse* Court supported the conclusion in *Sunnyslope* as to the Rule. Third, the *Sunnyslope* decision, 148 Wis.2d at 920, 437 N.W.2d at 218, recognizes that prior decisions of the Seventh Circuit correctly identified the fact that Wisconsin law would preclude recovery of economic loss damages for a defective product. *E.g., Twin Disc, Inc. v. Big Bud Tractor, Inc.,* 772 F.2d 1329 (7th Cir.1985); *Wisconsin Power and Light Co. v. Westinghouse Electric Corp.,* 830 F.2d 1405 (7th Cir. 1987). Indeed, in *Northridge,* the Supreme Court of Wisconsin acknowledges *Sunnyslope* had its basis in the Seventh Circuit's opinions. 162 Wis.2d at 928, fn. 6, 471 N.W.2d at 183, fn. 6.

Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED Debtor's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED, AND DE-CREED Debtor's Objection to Young Radiator's claim is sustained and Claim No. 6034 is hereby disallowed.