JOHN THOMAS, Administrator, &c., Appellant,

*vs.*

HENRY W. SAVAGE, Respondent.

APPEAL FROM CRAWFORD COUNTY COURT.

After five or six years delay, this court will not go back, upon a collateral proceeding, to hunt up technical errors or defects in the proceedings of inferior courts.

After five years from the rendition of judgment, on appeal to the circuit court, from the judgment of a justice of the peace, on a motion for execution upon the judgment, the court rightly refused to consider defects in the affidavit for the appeal.

A motion for execution upon a final judgment, and the decision of the court thereon, constitute no part of the record proper, and can only be considered in this court, when made part of the record by bill of exceptions.

The facts of this appeal are sufficiently stated in the opinion of the court.

*D. H. Johnson & C. Dunn,* for the appellant.

*Bull & King* for the respondent.

*By the Court,* SMITH J.    This is an appeal from an order of the circuit court of Crawford county, made at the May term, 1858, awarding execution upon a judgment rendered therein, at the February term, 1853.

The action was replevin, commenced before a justice of the peace of Crawford county, and taken by appeal to the county court, and from thence removed to the circuit court, wherein upon trial upon the merits the defendant obtained judgment.

Thomas vs. Savage.

No exceptions appear to have been taken to the proceedings on the trial in the court below. But now, after some five years, it is objected to the issuing of the execution on the judgment, for the reason that the affidavit for appeal is defective, in that it stated that the application for an appeal was .made, instead of stating that the appeal was taken in good faith, and that therefore the circuit court did not acquire jurisdiction of the case.

Under the rule established at an early period in the judicial history of this State, most probably the affidavit for an appeal made in this case would be held insufficient. But no objection was taken to it at the time. Nearly six years have elapsed, and now on a collateral proceeding to enforce the judgment, the defect is urged for the first time. We think it comes too late. It would be an unwelcome, profitless and tedious task for this court to go back and hunt up technical errors like this, which may have transpired in the proceedings of inferior courts.

But however this may be, we are precluded from considering the subject matter of the error assigned in the case, for the reason that it is not brought to the record by bill of exceptions. We have carefully inspected the record, and find no exceptions taken to the ruling of the court below. We cannot, therefore, notice it.

Order affirmed with costs.