## CHARLES and ABEL MERWIN, Appellants, *vs.* DENNIS H. O'DAY, et al.

APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

Heard July 16.]                    [Decided July 20, 1859.

### *Bill of Exceptions—Practice—Appeal.*

Where no bill of exceptions has been settled in the court below, the supreme court will not notice exceptions filed in the clerk's office.

A party desiring a review of the decision of the court below must prepare his bill of exceptions or case, incorporating the evidence or facts upon which the questions of law arise, and all exceptions to the ruling of the judge during the trial. This bill of exceptions or case must be settled or signed by the judge who tried the cause.

*Heald vs. Wells,* 7 Wis., 149; *Thomas vs. Savage,* 8 Wis., 160; *Weeks vs. School District,* id., 166; and *Smith vs. Lavin,* id., 265, considered and approved.

This was an action brought by the plaintiffs under the mechanic's lien act, as lumbermen, for furnishing $206 worth of lumber and materials used in the construction and erection of a dwelling, on a lot in the village of Fox Lake. The petition and complaint are in the usual forms. The answer confessed the receipt of the lumber, &c.; and averred a settlement, and that the amount due was found to be $107, for which the defendants made their promissory note and gave it to the plaintiffs, with a power of attorney to confess judgment, and the same was received as a final settlement of the matter; and that the plaintiffs had transferred the note for a valuable consideration, to some third person unknown to the defendants.

The case was tried before the court without a jury; and the judge made the following finding:

" 1. The plaintiffs could not in any event have a lien for materials furnished prior to the 9th day of October, 1856, the action not having been commenced until Oct. 9th, 1857.

" 2. The taking of the note is inconsistent with and extinguishes the right of lien.

Merwin vs. O'Day.

" 3. The items for fencing having entered into the consideration of the note, the court can not inquire how much of the materials for which the plaintiffs might have a lien entered into the consideration of the note.

" 4. That the defendants are entitled to a judgment against said plaintiffs for their costs and disbursements in this behalf expended. Let judgment be entered accordingly.

"A. SCOTT SLOAN, Judge."

The attorneys for the plaintiffs filed the following with the clerk :

" The plaintiffs except to the conclusions of law on the part of the court on the trial of said action, as appears from the decision of the judge now on file, as hereinafter specified.

" 1. The plaintiffs except to the first conclusion of law and insist that they are entitled to a lien for all the materials furnished, the lien claim having been filed and suit commenced within one year from the time the last materials were furnished.

" 2. The plaintiffs except to the second conclusion of law by the court, and insist that the taking of the note did not extinguish the lien nor is it inconsistent with it.

" 3. The plaintiffs except to the third conclusion of law by the court, and insist that it was proper for the court to inquire how much of the materials for which the plaintiffs might have a lien, entered into the consideration of the note."

*Billinghurst, Lewis & Barber*, for the appellants.

*Smith & Ordway*, for the respondents.


*By the Court*, COLE, J. This cause was tried by the court, a jury being waived. The court stated the facts found upon the evidence, and the conclusions of law. The appellants filed exceptions to the propositions of law stated by the court in its decision. But no bill of exceptions has been prepared, nor any case settled and signed embracing the finding of the court and the exceptions taken. Filing exceptions in the clerk's office, or serving them upon the opposite attorney, is not sufficient to enable this court to review the exceptions and questions of law involved. The party desiring a review

Merwin vs. O'Day.

must prepare his bill of exceptions, or, what amounts substantially to the same thing, his case, incorporating therein the evidence or facts upon which the questions of law arise, and all exceptions taken to the ruling of the court during the trial. This bill of exceptions must be settled and signed by the judge who tried the cause. We have so frequently decided that we could not review alleged errors committed by the circuit court in the trial of causes, unless exceptions were taken, and those exceptions embraced in a proper case or bill of exceptions, with the evidence or facts upon which the questions of law arise, that we had supposed the practice in this respect was well understood. In the following cases decided at the last term we held that there must be a bill of exceptions, or case prepared and settled, according to law or the rules of court, containing the proper exceptions, with the evidence and rulings of the court, in order to enable us to review the errors alleged to have been committed: *Ebenezer Heald vs. Andrew S. Wells,* 7 Wis., 149 ; *Elvira F. Smith vs. Patrick Lavin,* 8 Wis., 265 ; *John Thomas, Administrator, &c., vs. Henry W. Savage,* 8 Wis., 160; *Mary Weeks vs. School District, &c.,* 8 Wis., 166.

In many other cases reported and unreported we have had occasion to decide the same thing. See § 20, chap. 132, R. S., 1859; and the cases of *Hunt vs. Bloomer,* 3 Kern., 341; and *Johnson vs. Whitlock,* id., 345; where the practice in New York, under the corresponding section of the code of that state, is very accurately and intelligibly pointed out.

In the present attitude of this case we must affirm the judgment of the court below.

The judgment of the circuit court is therefore affirmed.