C. COAKLEY RELOCATION SYSTEMS, INC.,
a Wisconsin corporation,
Plaintiff-Appellant,†

v.

CITY OF MILWAUKEE, a municipal corporation,
Defendant-Respondent.

Court of Appeals

*No. 2006AP2292. Submitted on briefs June 5, 2007.
—Decided August 14, 2007.*

2007 WI App 209

(Also reported in 740 N.W.2d 636.)

† Petition to review granted 10/11/07.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Donald J. Murn, Michelle E. Martin* and *Monica L. Walrach* of *Murn & Martin, S.C.* of Waukesha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Grant F. Langley,* city attorney and *Gregg C. Hagopian,* assistant city attorney of Milwaukee.

Before Curley, P.J., Wedemeyer and Kessler, JJ.

¶ 1. KESSLER, J. C. Coakley Relocation Systems, Inc. (Coakley) appeals from a judgment and an order dismissing its amended complaint which sought relocation payments and other damages from the City of Milwaukee. The trial court dismissed Coakley's amended complaint because it concluded that Coakley was entitled only to relocation payments authorized by WIS. STAT. ch. 32 and that the complaint seeking those payments was barred by the statute of limitations set out in WIS. STAT. § 32.20 (2003–04).[1] We affirm.

## BACKGROUND

¶ 2. Roadster LLC, an affiliated company to Coakley, owned a parking lot which it leased to Coakley. On January 30, 2002, the City acquired the property leased to Coakley. On October 10, 2002, the City obtained a writ of assistance giving it the right to possession of the property. Coakley vacated the property on October 14, 2002.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 3. The City had not made comparable property available to Coakley when it obtained the writ of assistance, nor had it tendered other relocation payments, because the City took the position that under WIS. STAT. § 32.19(2)(e), Coakley was not a "displaced person" and thus not entitled to relocation payments. Coakley appealed. On May 13, 2003, in *City of Milwaukee v. Roadster LLC*, 2003 WI App 131, 265 Wis. 2d 518, 666 N.W.2d 524, we rejected the City's contention that Coakley was not a "displaced person" under § 32.19(2)(e)2.b., *Roadster*, 265 Wis. 2d 518, ¶ 14, and concluded that under the statutes, Coakley was "entitled to a comparable replacement property" before the writ of assistance could be granted, *id.*, ¶ 19. On remand, by stipulation between the City and Coakley, the case was dismissed without prejudice.

¶ 4. The City and Coakley negotiated, but did not reach agreement. On October 5, 2004, the City offered Coakley $30,000 to resolve the "lease of comparable replacement parking." Coakley refused the offer, and on December 13, 2004, served a notice of claim under WIS. STAT. § 893.80(1). The City did not respond. Coakley began this new action on September 29, 2005.

¶ 5. The City successfully moved to dismiss the first complaint. At that time, the trial court described the history of the litigation, observing that after remand from this court, the "invalid Writ of Assistance was of little, if any, importance to the City and . . . Coakley sought no relief directly related to the Writ of Assistance." On August 29, 2005, a release was signed by Coakley and its attorneys for the benefit of the City. The City was released from:

> any and all litigation and other expenses claimable under Wis. Stat. § 32.28 and Wis. Stat. Ch. 814, arising

out of, or relating to, (a) the case of *Roadster LLC v. City of Milwaukee* . . . and/or (b) to valuation for "just compensation" purposes of the . . . parking-lot property . . . and/or any diminution in or effect on value of either of those parcels due to . . . the City's exercise of eminent domain.

This release does not include any relocation benefits under Wis. Stat. § 32.19 to which Coakley may be entitled . . . as a result of 2003 WI App 131[2] . . . or to any litigation expenses or costs . . . arising out of or relating to said 2003 WI App 131 . . . or the issue of comparable replacement property under Wis. Stat. § 32.05(8)[], to all of which Coakley expressly reserves and retains its rights.

(Footnote added.)

¶ 6. The trial court described the three claims alleged in the first complaint in this action first as "declaratory and injunctive relief that the City has failed to provide relocation assistance and benefits as required by *Roadster*," second as "damages from the City's failure to provide relocation benefits and assistance," and third as "damages resulting from wrongful ejectment." The City moved to dismiss on the ground that a two-year statute of limitations found in WIS. STAT. § 32.20[3] barred all claims. The trial court agreed, but

---

[2] This is the citation to our decision in *City of Milwaukee v. Roadster LLC*, 2003 WI App 131, 265 Wis. 2d 518, 666 N.W.2d 524.

[3] WISCONSIN STAT. § 32.20, "Procedure for collection of itemized items of compensation," states in pertinent part:

Claims for damages itemized in ss. 32.19 and 32.195 shall be filed with the condemnor carrying on the project through which condemnee's or claimant's claims arise. All such claims must be filed after the damages upon which they are based have fully materialized but *not later than 2 years after the condemnor takes*

only as to claims under WIS. STAT. § 32.19 and WIS. STAT. § 32.195. The trial court made the following findings:

> I find that the City took physical possession of the property on October 14, 2002 .... Coakley took no steps to undo the City's physical possession .... Under Section 32.20, all claims for itemized damages under 32.19 and 32.195 must actually accrue and must be asserted within two years of actual physical possession. Thus, the Statute of Limitations ran on October 14, 2004 ....
>
> ....
>
> To the extent that the complaint asserts a claim for itemized damages under either 32.19 or 32.195, such claims are barred by 32.20. However, to the extent that the complaint asserts other damages ... or seeks other relief, the Motion to Dismiss is denied.

¶ 7. The trial court analyzed relevant case law[4] discussing these statutes, and concluded that nothing in prior decisions limited Coakley's rights under WIS. STAT. § 32.05 "to itemized damages under [WIS. STAT. § ]32.19." The trial court held that if Coakley "asserts claims for relief ... under [WIS. STAT. § ]32.25,[5] the two[-]year limitation does not apply," and permitted Coakley to file an amended complaint.

---

*physical possession of the entire property* acquired or such other event as determined by the department of commerce by rule.

(Emphasis added.)

[4] The trial court discussed *Rotter v. Milwaukee County Expressway & Transportation Commission*, 72 Wis. 2d 553, 241 N.W.2d 440 (1976); *City of Racine v. Bassinger*, 163 Wis. 2d 1029, 473 N.W.2d 526 (Ct. App. 1991); and *Dotty Dumpling's Dowry, Ltd. v. Community Development Authority of Madison*, 2002 WI App 200, 257 Wis. 2d 377, 651 N.W.2d 1.

[5] WISCONSIN STAT. § 32.25, "Relocation payment plan and assistance services," states in pertinent part:

¶ 8. Coakley filed an amended complaint. The City filed another motion to dismiss. The amendedcomplaint, after alleging the general history of the

**(1)** Except as provided under sub. (3) and s. 85.09 (4m), no condemnor may proceed with any activity that may involve the displacement of persons, business concerns or farm operations until the condemnor has filed in writing a relocation payment plan and relocation assistance service plan and has had both plans approved in writing by the department of commerce.

**(2)** The relocation assistance service plan shall contain evidence that the condemnor has taken reasonable and appropriate steps to:

(a) Determine the cost of any relocation payments and services or the methods that are going to be used to determine such costs.

(b) Assist owners of displaced business concerns and farm operations in obtaining and becoming established in suitable business locations or replacement farms.

(c) Assist displaced owners or renters in the location of comparable dwellings.

(d) Supply information concerning programs of federal, state and local governments which offer assistance to displaced persons and business concerns.

(e) Assist in minimizing hardships to displaced persons in adjusting to relocation.

(f) Secure, to the greatest extent practicable, the coordination of relocation activities with other project activities and other planned or proposed governmental actions in the community or nearby areas which may affect the implementation of the relocation program.

(g) Determine the approximate number of persons, farms or businesses that will be displaced and the availability of decent, safe and sanitary replacement housing.

(h) Assure that, within a reasonable time prior to displacement, there will be available, to the extent that may reasonably be accomplished, housing meeting the standards established by the department of commerce for decent, safe and sanitary dwellings. The housing, so far as practicable, shall be in areas not generally less desirable in regard to public utilities, public and commercial

condemnation proceedings, the appeal, and the conduct between the parties after remand, set out five claims for relief.[6] Coakley requested:

1. "Possession of the Third Street Parcel" (the parking lot Coakley leased from Roadster) based upon the City's violation of WIS. STAT. § 32.05(8)(b)-(c);

2. "Damages for Failure to Make Comparable Replacement Property Available" as required by § 32.05(8)(b)-(c);

3. "Damages for Wrongful Ejectment" from the parking lot;

4. "Declaratory and Injunctive Relief" pursuant to WIS. STAT. § 806.04 declaring the City violated § 32.05(8)(b)-(c) and ordering the City to provide comparable replacement property and relocation assistance benefits; and

5. A declaration that the City is estopped from relying on the requirement of WIS. STAT. § 32.20—which requires that a claim for relocation benefits under WIS.

---

facilities and at rents or prices within the financial means of the families and individuals displaced and equal in number to the number of such displaced families or individuals and reasonably accessible to their places of employment.

(i) Assure that a person shall not be required to move from a dwelling unless the person has had a reasonable opportunity to relocate to a comparable dwelling.

(3)(a) Subsection (1) does not apply to any of the following activities engaged in by a condemnor:

1. Obtaining an appraisal of property.

2. Obtaining an option to purchase property, regardless of whether the option specifies the purchase price, if the property is not part of a program or project receiving federal financial assistance.

[6] The claims are paraphrased in the same order in which they appear in the amended complaint.

STAT. §§ 32.19 and 32.195 is to be filed with the condemning authority within two years of the date the authority takes possession of the property—because the City acknowledged its obligations as to replacement property and relocation benefits after remand, negotiated with Coakley as to those benefits, and did not advise Coakley that it would assert the two-year statute of limitations bar.

¶ 9. The trial court noted that it had earlier held that WIS. STAT. § 32.05(8) (referred to by the court as the writ of assistance statute) and cases interpreting that statute established that the statute "grants no rights, no substantive rights, beyond what the legislature has authorized in the relocation assistance statutes that are a part of Chapter 32." The trial court had also earlier held that the writ of assistance statute "does not otherwise create a cause of action for damages or for relief other than to the extent that such rights exist elsewhere in Chapter 32." The trial court reminded the parties that it dismissed the first complaint because "any claims under 32.19 and 32.195 were barred by the Statute of Limitations" set out in WIS. STAT. § 32.20. The trial court reviewed the amended complaint to determine whether any additional claims authorized by WIS. STAT. ch. 32, and not barred by the two-year limitation of § 32.20, were alleged. The trial court concluded that claims one through four (return of the property; damages for failure to comply with § 32.05(8); damages for wrongful ejectment; and an injunction requiring compliance with § 32.05(8)) all assert claims for damages described in WIS. STAT. §§ 32.19 or 32.195 and are barred by § 32.20. The fifth claim, for estoppel to bar the City from asserting the § 32.20 statute of limitations, the trial court interpreted as "essentially a re-

quest that [the court] revisit the Statute of Limitations' issue" or "a Motion to Reconsider on this ground of estoppel."

¶ 10. The trial court observed that the estoppel argument does not depend on the *Roadster* case or on the unusual circumstances here, but rather is an argument anyone entitled to relocation assistance could make; namely, that "if the City acknowledges a right to [the] assistance and works with the party to provide [the] assistance, [then the City] assumes the burden of notifying that party of the Statute of Limitations." The trial court rejected that argument, and instead applied the traditional criteria used to analyze an equitable estoppel claim. In discussing the equitable estoppel involving a statute of limitations, the trial court relied upon *Johnson v. Johnson*, 179 Wis. 2d 574, 582, 508 N.W.2d 19 (Ct. App. 1993), where we said: "[O]ur supreme court has stated that the elements necessary to apply equitable estoppel include fraud or inequitable conduct by the party asserting the statute of limitations and that the aggrieved party failed to commence an action within the statutory period because of reliance on the wrongful conduct." The trial court concluded that the elements of equitable estoppel have not been met because:

> There's simply a claim that the City was working with Coakley, was acknowledging its obligation. And because of those facts, assumed a duty to affirmatively notify Coakley of the deadline.
>
> I find that those facts do not give rise to that kind of affirmative duty, do not support the necessary claim or allegation of fraud or other inequitable conduct that allows a party to be relieved of the burden of following the law.

> But to the extent that [the fifth claim] essentially attempts to assert a claim under 32.19, I find that it must be dismissed as insufficient to state a cause of action because it alleges insufficient facts to warrant equitable relief.
>
> . . . .
>
> [T]he amended complaint does not state . . . a claim based on some other section of Chapter 32 that was not governed by the [§ 32.20] Statute of Limitations.

Consequently, the trial court dismissed the entire amended complaint. This appeal followed.

## DISCUSSION

### I. Statute of limitations

¶ 11. Whether all of Coakley's claims for compensation under WIS. STAT. §§ 32.05(8), 32.19, and 32.195 are barred by WIS. STAT. § 32.20 because they were not filed within two years of when the City took "physical possession of the entire property" requires us to interpret the applicable statutes as applied to the amended complaint. We interpret statutes *de novo. Abbas v. Palmersheim*, 2004 WI App 126, ¶ 17, 275 Wis. 2d 311, 685 N.W.2d 546. We are to interpret statutory language in the context within which it is used, "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. We also review documents, such as pleadings, *de novo. See Cohn v. Town of Randall*, 2001 WI App 176, ¶ 7, 247 Wis. 2d 118, 633 N.W.2d 674 (appellate court not bound by inferences drawn by the trial court from documentary evidence).

¶ 12. The writ of assistance statute, Wis. Stat. § 32.05(8), provides:

**32.05 Condemnation for sewers and transportation facilities.**

. . . .

**(8)** Occupancy; writ of assistance; waste. (a) In this subsection, "condemnor" has the meaning given in s. 32.185.

(b) No person occupying real property may be required to move from a dwelling or move his or her business or farm without at least 90 days' written notice of the intended vacation date from the condemnor. The displaced person shall have rent-free occupancy of the acquired property for a period of 30 days, commencing with the next 1st or 15th day of the month after title vests in the condemnor, whichever is sooner. Any person occupying the property after the date that title vests in the condemnor is liable to the condemnor for all waste committed or allowed by the occupant on the lands condemned during the occupancy. The condemnor has the right to possession when the persons who occupied the acquired property vacate, or hold over beyond the vacation date established by the condemnor, whichever is sooner, except as provided under par. (c). If the condemnor is denied the right of possession, the condemnor may, upon 48 hours' notice to the occupant, apply to the circuit court where the property is located for a writ of assistance to be put in possession. The circuit court shall grant the writ of assistance if all jurisdictional requirements have been complied with, if the award has been paid or tendered as required and if the condemnor has made a comparable replacement property available to the occupants, except as provided under par. (c).

(c) The condemnor may not require the persons who occupied the premises on the date that title vested

in the condemnor to vacate until a comparable re-
placement property is made available. This paragraph
does not apply to any person who waives his or her
right to receive relocation benefits or services under s.
32.197 or who is not a displaced person, as defined
under s. 32.19 (2) (e), unless the acquired property is
part of a program or project receiving federal financial
assistance.

This statute section does not create an independent
right to compensation other than what is specifically
provided by other provisions of the condemnation stat-
ute. *City of Janesville v. CC Midwest, Inc.* (*CC Midwest
II*), 2007 WI 93, ¶ 15, 302 Wis. 2d 599, 734 N.W.2d 428;
*City of Racine v. Bassinger*, 163 Wis. 2d 1029, 1041, 473
N.W.2d 526 (Ct. App. 1991). It is also the statutory
relocation assistance, not general condemnation law,
that controls the comparable replacement property
provisions. *CC Midwest II*, 734 N.W.2d 428, ¶ 23; *see
also Bassinger*, 163 Wis. 2d at 1041.

¶ 13. In *CC Midwest II*, the supreme court specifi-
cally accepted the court of appeals' conclusion in
*Bassinger* that there are three conditions precedent to
issuing a writ of assistance: " '(1) compliance with all
jurisdictional requirements; (2) payment or tender of
the . . . award; and (3) making available comparable
replacement property to the occupants.' " *CC Midwest
II*, 734 N.W.2d 428, ¶ 23 (quoting *Dotty Dumpling's
Dowry, Ltd. v. Community Dev. Auth. of Madison*, 2002
WI App 200, ¶ 13, 257 Wis. 2d 377, 651 N.W.2d 1
(quoting *Bassinger*, 163 Wis. 2d at 1035)). We have
previously held that the WIS. STAT. § 32.05(8) require-
ment that the condemnor, before issuing a writ of
assistance, must "make available comparable replace-
ment property," does not create an independent cause of

action for damages for failure to satisfy that requirement. *Dotty Dumpling's Dowry*, 257 Wis. 2d 377, ¶ 15.

¶ 14. In *Dotty Dumpling's Dowry*, we discussed the extent of the condemnor's obligation with respect to comparable replacement property and noted, relying on *Bassinger*, that "Wɪs. Sᴛᴀᴛ. § 32.05(8) grants a condemnee no rights beyond what the legislature has authorized in the relocation assistance law, Wɪs. Sᴛᴀᴛ. § 32.19 *et. seq.*" *Dotty Dumpling's Dowry*, 257 Wis. 2d 377, ¶ 15. We concluded that:

> "[T]he law does not impose any . . . open-ended obligation upon a condemnor" to provide business relocation payments regardless of the cost to the condemnor. The obligation of the condemning agency under § 32.19 is to *assist* in the procurement and acquisition of replacement property, not to make a displaced business financially whole regardless of the cost to the condemning agency.

*Dotty Dumpling's Dowry*, 257 Wis. 2d 377, ¶ 27 (emphasis and alterations in original). The supreme court, in *CC Midwest II*, agreed, noting that "a condemnor has no open-ended obligation to provide a replacement property that is acceptable to the business being relocated. To conclude otherwise would cause the upper limits on relocation assistance payments to be meaningless." *CC Midwest II*, 734 N.W.2d 428, ¶ 42 (citation omitted).

¶ 15. The *CC Midwest II* court also addressed the lack of a statutory definition of "comparable replacement property" and concluded that "[s]ince the relocation assistance law is closely related to condemnation law . . . the phrase 'comparable replacement property' in Wis. Stat. § 32.05(8)(b)-(c) unambiguously includes all three categories of occupiers of property set out in

§ 32.19(2)(b)-(d)." *CC Midwest II*, 734 N.W.2d 428, ¶ 25. Accordingly, these categories of property occupiers (involving "comparable replacement business," "dwelling," and "farm operation") are to be applied to measure whether the condemnor's obligation under § 32.05(8)(b)-(c) to provide "comparable replacement property" had been satisfied. *See id.* In determining whether the condemnor has met its statutory requirement of identifying a comparable replacement property, the court concluded that:

> the statutory language shows that relocation assistance provided under Wis. Stat. § 32.19(2)(c) *does not require* identification of a property that is identical to the property condemned or that, at the moment of identification, the property, without modification, can be used by the business that was relocated. *See Dotty*, 257 Wis. 2d 377, ¶ 21 . . . . Rather, it *requires* identification of a property that with modification can be used for the occupier's business.

*CC Midwest II*, 734 N.W.2d 428, ¶ 40 (emphasis added; footnote omitted). In other words, "Wis. Stat. § 32.19(2)(c) does not require the identification of a property where no investment [by the condemnee] is required." *CC Midwest II*, 734 N.W.2d 428, ¶ 41.

¶ 16. As we set forth in *City of Janesville v. CC Midwest, Inc.* (*CC Midwest I*), 2006 WI App 21, 289 Wis. 2d 453, 710 N.W.2d 713, *overruled on other grounds by* 2007 WI 93, 302 Wis. 2d 599, 734 N.W.2d 428:

> It is not inconsistent for the legislature to provide that an occupant may not be required to vacate unless the condemnor has identified a comparable replacement property meeting the statutory definition, *even though the condemnor's financial obligations to assist the occupant are limited by the provisions for payments in § 32.19.*

*CC Midwest I*, 289 Wis. 2d 453, ¶ 28 (emphasis added).[7] However, "interpreting Wis. Stat. § 32.19(c) to permit a tenant to remain in a property indefinitely, as though the lease were perpetual, conflicts with the proposition that the complete condemnation of a property terminates the lease." *CC Midwest II*, 734 N.W.2d 428, ¶ 42.

¶ 17. We have consistently held that WIS. STAT. § 32.05(8) does not create a right to compensation beyond what is specifically provided in the condemnation statutes. The legislature has limited a condemnee's right to compensation, which logically requires us to conclude that no cause of action can be maintained for compensation to which the condemnee has no statutory right.

¶ 18. A condemnee is not permitted by statute to delay the acquisition of its interest by indefinitely delaying resolution of the relocation compensation to which it is entitled. *See* WIS. STAT. § 32.20. The time limit for claims under certain condemnation provisions is established in § 32.20, "Procedure for collection of

---

[7] In its decision, the *CC Midwest II* court adopted the language from the court of appeals decision, *City of Janesville v. CC Midwest, Inc.* (*CC Midwest I*), 2006 WI App 21, 289 Wis. 2d 453, 710 N.W.2d 713, *overruled on other grounds by* 2007 WI 93, 302 Wis. 2d 599, 734 N.W.2d 428, in which the court of appeals set forth the language of the June 14, 1991 draft of 1991 A.B. 91 (which included the revisions to WIS. STAT. § 32.05(8) that are at issue here). *CC Midwest II*, 734 N.W.2d 428, ¶ 28. The court noted that "the language proposed for § 32.05(8)(c) stated, 'the condemnor may not require the persons who occupied the premises on the date title vested in the condemnor to vacate until a comparable replacement property is made available pursuant to s. 32.19.' " *CC Midwest II*, 734 N.W.2d 428, ¶ 28.

itemized items of compensation," which provides in relevant part:

> Claims for damages itemized in ss. 32.19 and 32.195 shall be filed with the condemnor carrying on the project through which condemnee's or claimant's claims arise. *All such claims must be filed after the damages upon which they are based have fully materialized but not later than 2 years after the condemnor takes physical possession of the entire property* . . . .

(Emphasis added.)

¶ 19. We see from the plain language of the statute that the two-year period runs from the time the condemnor takes physical possession of the property. Hence, to stop this time limit from beginning to run, the condemnee must avoid giving physical possession of the property to the condemnor. The statute provides no exception for the circumstance in which the condemnor and condemnee engage in good faith negotiations as to the amount of relocation expenses to be paid.

¶ 20. WISCONSIN STAT. § 32.19(1)[8] describes the legislative policy that when property is taken for a public

---

[8] WISCONSIN STAT. § 32.19, "Additional items payable," states in pertinent part:

> **(1)** DECLARATION OF PURPOSE. The legislature declares that it is in the public interest that *persons displaced by any public project be fairly compensated by payment for the property acquired and other losses hereinafter described* and suffered as the result of programs designed for the benefit of the public as a whole; and the legislature further finds and declares that, notwithstanding subch. II, or any other provision of law, *payment of such relocation assistance and assistance in the acquisition of replacement housing are proper costs of the construction of public improvements.* If the public improvement is funded in whole or in part by a nonlapsible trust, the relocation payments and assistance constitute a purpose for which the fund of the trust is accountable.

(Emphasis added.)

purpose, relocation assistance as the legislature specifically describes should be provided. Section 32.19(5) specifically instructs that "[n]othing in this section or ss. 32.25 to 32.27 shall be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of damages." We consider the reference in § 32.19(1) to "payment for the property acquired" and to "other losses hereinafter described" in the context of the overall condemnation procedures established in WIS. STAT. ch. 32. *See Kalal*, 271 Wis. 2d 633, ¶ 46. "[O]ther losses" are "hereinafter described" in § 32.19(3) (relocation payments), (4) (replacement housing), (4m) (business or farm replacement payment), and WIS. STAT. § 32.195[9] (which describes specific compensable expenses generally incidental to the transfer of property).

---

[9] WISCONSIN STAT. § 32.195, "Expenses incidental to transfer of property," states in pertinent part:

In addition to amounts otherwise authorized by this subchapter, the condemnor shall reimburse the owner of real property acquired for a project for all reasonable and necessary expenses incurred for:

(1) Recording fees, transfer taxes and similar expenses incidental to conveying such property.

(2) Penalty costs for prepayment of any mortgage entered into in good faith encumbering such real property if the mortgage is recorded or has been filed for recording as provided by law prior to the date specified in s. 32.19 (4) (a) 2.

(3) The proportional share of real property taxes paid which are allocable to a period subsequent to the date of vesting of title in the condemnor or the effective date of possession of such real property by the condemnor, whichever is earlier.

(4) The cost of realigning personal property on the same site in partial takings or where realignment is required by reason of elimination or restriction of existing used rights of access.

¶ 21. With the exception of the fifth claim for relief here (equitable estoppel as to the statute of limitations), we agree with, and adopt, the trial court's conclusions as to Coakley's claims. Although the first claim asked for the return of the property, the time to appeal the underlying condemnation of that property was long past when the amended complaint was filed on September 29, 2005. *See* WIS. STAT. § 32.05(9) ("Any party having an interest in the property condemned" can appeal to the circuit court "within 2 years after the date of taking."). Hence, construing the claims most favorably to Coakley, the first claim sought damages identical to damages for failure to make replacement property available (claims two and four) and damages for wrongful ejectment (claim three), all of which, as we have seen, are limited to relocation payments and transfer costs described in WIS. STAT. §§ 32.19 and 32.195. *See CC Midwest I*, 289 Wis. 2d 453, ¶ 16; *Dotty Dumpling's Dowry*, 257 Wis. 2d 377, ¶ 15; *Bassinger*, 163 Wis. 2d at 1041.

¶ 22. WISCONSIN STAT. § 32.20 requires that all damage claims must be filed "not later than" two years from the date the condemnor takes physical possession

**(5)** Expenses incurred for plans and specifications specifically designed for the property taken and which are of no value elsewhere because of the taking.

**(6)** Reasonable net rental losses when all of the following are true:

(a) The losses are directly attributable to the public improvement project.

(b) The losses are shown to exceed the normal rental or vacancy experience for similar properties in the area.

**(7)** Cost of fencing reasonably necessary pursuant to s. 32.09 (6) (g) shall, when incurred, be payable in the manner described in s. 32.20.

of the property. The City, as we have seen, took posses-
sion on October 14, 2002, thus claims one through four
had to be filed no later than October 14, 2004. The first
claim, by way of notice to the City, was filed with the
City on December 13, 2004. That is after the statute of
limitations expired. Dismissal of the claims requesting
compensation available under WIS. STAT. §§ 32.19 or
32.195 was required by § 32.20.

¶ 23. The trial court allowed Coakley to amend its
complaint to give it an opportunity to allege claims for
relief grounded on compensable items in other sections
of the condemnation statutes. The court specifically
pointed to WIS. STAT. § 32.25, which is not included in
the limiting language of WIS. STAT. § 32.20, as a possible
basis for relief. No claim for relief under this section
was stated in the amended complaint. Based upon the
above, we affirm the trial court's dismissal as to claims
one through four of Coakley's amended complaint.

*II. Equitable estoppel*

¶ 24. In support of its request that the City be
prohibited from asserting the statute of limitations in
WIS. STAT. § 32.20, Coakley alleges in its amended
complaint the following conduct by the City:

> [T]he City acknowledged [its] legal obligation under
> §§ 32.05(8)(b) and (c) to make available a comparable
> replacement property . . . [and pay] relocation ben-
> efits . . . under §§ 32.19 and 32.195 . . . . [T]he City never
> advised Coakley . . . that if the City did not make . . .
> comparable replacement property [available], Coakley
> would have to . . . file a claim [under § 32.20] within two
> years of the date the City took possession of the [prop-
> erty].

Coakley further argues that: (1) for statute of limita-
tions purposes, the first day of the City's possession of

the property should be May 13, 2003, the date of the *Roadster* decision; and (2) it filed an itemized claim pursuant to § 32.20 when its counsel sent a letter to the City's agent on August 18, 2003. All other allegations in support of the fifth claim for relief involve what Coakley did, or did not, do.

¶ 25. The City argues the August 18, 2003 letter was insufficient to meet Wis. Stat. § 32.20 requirements and further, that Coakley never raised this issue before the trial court.

¶ 26. As to Coakley's argument that the date of possession should be May 13, 2003, the legislature specifically used the term "physical" to avoid uncertainty in identifying the exact time of when the legal right to possession arises. *See* Wis. Stat. § 32.20; *Kalal*, 271 Wis. 2d 633, ¶¶ 45–46 (if statute is unambiguous, it is applied in accordance with its plain meaning). Consequently, Coakley's argument that the date of possession of the property should be the date of the *Roadster* decision fails because the actual, physical possession of the property by the City occurred on October 12, 2002, and this possession never changed. We do not consider Coakley's argument that the August 18, 2003 letter was a valid Wis. Stat. § 32.20 notice because Coakley did not raise this issue before the trial court. *Vollmer v. Luety*, 156 Wis. 2d 1, 11, 456 N.W.2d 797 (1990) (we will not consider an issue for the first time on appeal).

¶ 27. The trial court concluded, based on *Johnson v. Johnson*, that Coakley's remaining allegations do not allege any inequitable, fraudulent or misleading con-

duct by the City. *See* ¶ 10, *supra.* We agree with the trial court's conclusions, which we described in ¶ 10, *supra,* and adopt them here.

*By the Court.*—Judgment and order affirmed.