C. Coakley Relocation Systems, Inc. a Wisconsin corporation, Plaintiff-Appellant-Petitioner,

v.

City of Milwaukee, a municipal corporation, Defendant-Respondent.

Supreme Court

*No. 2006AP2292. Oral argument March 5, 2008. —Decided June 25, 2008.*

2008 WI 68

(Also reported in 750 N.W.2d 900.)

For the plaintiff-appellant-petitioner there were briefs by *Donald J. Murn, Michelle E. Martin, Monica L. Walrath, John Bode,* and *Murn & Martin, S.C.,* Waukesha, and oral argument by *Donald J. Murn.*

For the defendant-respondent the caused was argued by *Gregg C. Hagopian,* assistant city attorney, with whom on the brief was *Grant F. Langley,* city attorney.

¶ 1. ANNETTE KINGSLAND ZIEGLER, J. This is a review of a published court of appeals' decision,[1] which affirmed the decision of the Milwaukee County Circuit Court, John A. Franke, Judge, to dismiss C. Coakley Relocation Systems, Inc.'s (Coakley) amended complaint that sought comparable replacement property and relocation assistance and benefits.

¶ 2. We must decide whether Coakley timely filed its complaint for relocation assistance and benefits under Wis. Stat. §§ 32.19 and 32.195 (2003–04).[2] We conclude that the two-year statute of limitations in Wis. Stat. § 32.20 bars Coakley's claims for relocation benefits because although the City of Milwaukee (City) took physical possession of the relevant property on October 14, 2002, Coakley did not file a notice of claim until December 13, 2004, and it first filed a formal complaint on September 29, 2005. We further conclude that Wis. Stat. § 893.13(2) does not toll the two-year statute of limitations in this case.

I

¶ 3. On January 30, 2002, the City acquired property from Roadster LLC. The property at issue here was a parking lot that Roadster LLC leased to Coakley. On

[1] *C. Coakley Relocation Sys., Inc. v. City of Milwaukee,* 2007 WI App 209, 305 Wis. 2d 487, 740 N.W.2d 636.

[2] The relevant statutory texts can be found in section III of this opinion. All subsequent references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

March 28, 2002, the City sent Coakley a 30–day notice to vacate, but Coakley refused to leave, claiming it was a "displaced person" and thus entitled to comparable replacement property. The City disagreed, and on May 31, 2002, the City commenced an action against Coakley, which is referred to as the *"Roadster"* decision, seeking a writ of assistance pursuant to Wis. Stat. § 32.05(8).[3] On October 10, 2002, the Milwaukee County Circuit Court, Michael D. Guolee, Judge, granted a writ to the City, which, in effect, ousted Coakley from the property. The circuit court further concluded that Coakley was not a "displaced person" under Wis. Stat. § 32.19(2)(e). Therefore, since Coakley was not deemed to be a "displaced person," the City was not statutorily required to make "a comparable replacement property" available to Coakley pursuant to § 32.05(8)(c). On October 14, 2002, Coakley vacated the property and the City obtained physical possession.

¶ 4. Roadster LLC and Coakley appealed the circuit court's grant of the writ of assistance and its finding that Coakley was not a "displaced person." On appeal, Coakley argued that it was a "displaced person" and thus, before the writ of assistance could be granted, Coakley should have had "a comparable replacement property [made] available" to it. Coakley argued that the trial court erred in granting the writ without requiring the City to make available comparable replacement property under Wis. Stat. § 32.05(8). On May 13, 2003, the court of appeals reversed the circuit court. It concluded that Coakley was a "displaced person" that was entitled to comparable replacement property before the writ was granted. *City of Milwaukee v. Roadster*

[3] *City of Milwaukee v. Roadster LLC*, 2003 WI App 131, 265 Wis. 2d 518, 666 N.W.2d 524.

*LLC*, 2003 WI App 131, 265 Wis. 2d 518, 666 N.W.2d 524, *review denied*, 2003 WI 126, 265 Wis. 2d 420, 668 N.W.2d 559 (No. 02–3102) (August 13, 2003). The case was reversed but not remanded to the circuit court.

¶ 5. Between late 2003 and early 2004, the City and Coakley apparently discussed Coakley's desire for parking, i.e., comparable replacement property. On October 22, 2003, Coakley and the City entered into a stipulation to dismiss without prejudice the case—*Roadster*—that the City initiated in the circuit court to obtain a writ of assistance. On October 5, 2004, the City made a $30,000 settlement offer to Coakley for the lease of comparable replacement property. The offer letter stated, "[t]his payment would be the maximum under Wis. Stat. § 32.19(4m) for a tenant-occupied business replacement." However, Coakley rejected that offer.

¶ 6. On December 13, 2004, representatives from Roadster and Coakley signed a "Release of Claims." In relevant part, both parties released the City "from any and all claims for attorney fees, appraisal and expert fees, costs and disbursements, and also from any and all litigation and other expenses claimable under Wis. Stat. § 32.28 and Wis. Stat. Ch. 814, arising out of, or relating to," the *Roadster* decision. However, the release did "not include any relocation benefits under Wis. Stat. § 32.19 to which Coakley may be entitled under law as a result of" the *Roadster* decision.

¶ 7. Also on December 13, 2004, Coakley sent a letter to the City, which, pursuant to Wis. Stat. § 893.80(1), provided the City with an "Itemized Statement of Relief Sought." In short, Coakley sought money for moving to a new location, building costs, relocation benefits pursuant to Wis. Stat. § 32.19(4m), compensation for wrongful loss of premises, compensation for

interruption of business, and attorneys' fees. The City, however, did not acquiesce to this request.

¶ 8. On September 29, 2005, Coakley filed a formal complaint against the City. In its complaint, Coakley sought the following: (1) declaratory and injunctive relief pursuant to Wis. Stat. § 806.04; (2) damages for failure to provide relocation benefits; and (3) damages for wrongful ejectment. On November 11, 2005, the City filed a motion to dismiss Coakley's complaint. On January 18, 2006, the circuit court, in an oral decision, granted in part and denied in part the City's motion to dismiss.

¶ 9. The circuit court concluded that "[t]o the extent that the complaint asserts a claim for itemized damages under [§] 32.19 or [§] 32.195, such claims are barred by [§] 32.20." However, the circuit court determined that to the extent the complaint asserts damages pursuant to other statutes, e.g., Wis. Stat. § 32.25, which the circuit court concluded was not limited by Wis. Stat. § 32.20, the motion to dismiss was denied.

¶ 10. On February 3, 2006, Coakley filed an amended complaint setting forth the following causes of action: (1) possession of the "Third Street Parcel," i.e., the parking lot, because the City violated Wis. Stat. § 32.05(8)(b) and (c); (2) damages for failure to make available a comparable replacement property within the meaning of § 32.05(8)(b) and (c); (3) damages for wrongful ejectment; (4) declaratory and injunctive relief pursuant to Wis. Stat. § 804.06 because no replacement property was made available and no relocation assistance and benefits were provided; and (5) declaratory relief in that the City should be estopped from asserting Wis. Stat. § 32.20 in order to bar Coakley's Wis. Stat. §§ 32.19 and 32.195 claims.

¶ 11. On February 21, 2006, the City moved to dismiss the second complaint. On April 28, 2006, the circuit court, in an oral decision, granted the motion and dismissed the amended complaint. Relying on *City of Racine v. Bassinger*[4] and *Dotty Dumpling's Dowry, Ltd. v. Community Development Authority of the City of Madison*,[5] the circuit court concluded that claims one through four attempted to assert rights that simply do not exist under Wis. Stat. § 32.05(8). The court stated,

> [T]he writ of assistan[ce] statute, grants no rights, no substantive rights, beyond what the legislature has authorized in the relocation assistance statutes that are a part of Chapter 32.
>
> This basic ruling was a part of my decision the first time around. . . . [T]he writ of assistance statute grants no rights in and of itself . . . .

¶ 12. With regard to the fifth claim for declaratory relief, the circuit court rejected the claim and concluded that it was an attempt to revive the expired statute of limitations. In addition, the court concluded that in the event the fifth claim asserted a different argument or claim for relief, it was also rejected. Therefore, the circuit court determined that the amended complaint failed to state a claim that could survive the *"Bassinger* rule"[6] or a statute of limitations challenge. Coakley appealed the circuit court's order.

---

[4] *City of Racine v. Bassinger*, 163 Wis. 2d 1029, 473 N.W.2d 526 (Ct. App. 1991).

[5] *Dotty Dumpling's Dowry, Ltd. v. Community Dev. Auth. of the City of Madison*, 2002 WI App 200, 257 Wis. 2d 377, 651 N.W.2d 1.

[6] In *Bassinger*, the court of appeals concluded that Wis. Stat. § 32.05(8) does not provide any substantive rights to have comparable replacement property made available independent

¶ 13. On August 14, 2007, the court of appeals affirmed the circuit court's decision to dismiss Coakley's entire amended complaint because "Coakley was entitled only to relocation payments authorized by Wis. Stat. ch. 32 and that the complaint seeking those payments was barred by the statute of limitations set out in Wis. Stat. § 32.20." The court of appeals concluded that Wis. Stat. § 32.05(8) does not provide an independent right to compensation in addition to what the legislature has authorized in the relocation assistance law, i.e., Wis. Stat. §§ 32.19 and 32.195. Moreover, it concluded that § 32.20 bars claims under §§ 32.19 and 32.195 two years after the condemnor takes physical possession. Because the City took physical possession on October 14, 2002, the court of appeals concluded that Coakley's claims were barred given the first claim, by way of notice, was not filed until December 13, 2004.

## II

¶ 14. This case requires us to review the circuit court's decision to grant the City's motion to dismiss, and in so doing, we must undertake statutory interpretation. Both are questions of law, which we review de novo but benefiting from the lower courts' analyses. *Megal Dev. Corp. v. Shadof,* 2005 WI 151, ¶ 8, 286 Wis. 2d 105, 705 N.W.2d 645.

## III

¶ 15. Coakley argues that after the *Roadster* decision, it is entitled to comparable replacement property

of any other provision or requirement of law. *Bassinger,* 163 Wis. 2d at 1041. Rather, "the relocation assistance law, not condemnation law, determines the extent to which [a party is] entitled to have made available to [it] comparable replacement property . . . ." *Id.*

since the court of appeals, in *Roadster*, concluded that it was a "displaced person." Coakley further argues that the statute of limitations in Wis. Stat. § 32.20 should not bar its claims because the City did not satisfy a condition precedent in Wis. Stat. § 32.05(8), namely the City failed to provide a comparable replacement property. Therefore, Coakley argues that the City never obtained a proper writ of assistance, and thus, the statute of limitations never began to run. The City, on the other hand, argues: (1) section 32.05(8) are ouster provisions and not damage provisions; (2) section 32.05(8) does not give condemnees any new substantive rights; and (3) relocation benefits under Wis. Stat. §§ 32.19 and 32.195 in this case are barred pursuant to Wis. Stat. § 32.20. While we may be sympathetic to Coakley's factual situation, the statute of limitations dictates that Coakley's claims are time barred.

¶ 16. The case at hand requires us to interpret a number of Wisconsin Statutes. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. This court begins statutory interpretation with the language of the statute. *Id.*, ¶ 45. If the meaning of the statute is plain, we ordinarily stop the inquiry and give the language its "common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*

¶ 17. Context and structure of a statute are important to the meaning of the statute. *Id.*, ¶ 46. "Therefore, statutory language is interpreted in the context in

which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.* Moreover, the "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." *Id.* "A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely-related statutes—that is, from its context or the structure of the statute as a coherent whole." *Id.*, ¶ 49.

¶ 18. Wisconsin Stat. § 32.05(8), "Occupancy; writ of assistance; waste," provides the following:

(a) In this subsection, "condemnor" has the meaning given in s. 32.185.

(b) No person occupying real property may be required to move from a dwelling or move his or her business or farm without at least 90 days' written notice of the intended vacation date from the condemnor. . . . The condemnor has the right to possession when the persons who occupied the acquired property vacate, or hold over beyond the vacation date established by the condemnor, whichever is sooner, except as provided under par. (c). If the condemnor is denied the right of possession, the condemnor may, upon 48 hours' notice to the occupant, apply to the circuit court where the property is located for a writ of assistance to be put in possession. The circuit court shall grant the writ of assistance if all jurisdictional requirements have been complied with, if the award has been paid or tendered as required and if the condemnor has made a comparable replacement property available to the occupants, except as provided under par. (c).

(c) The condemnor may not require the persons who occupied the premises on the date that title vested in the condemnor to vacate until a comparable replace-

467

ment property is made available. This paragraph does not apply to any person who waives his or her right to receive relocation benefits or services under s. 32.197 or who is not a displaced person, as defined under s. 32.19(2)(e), unless the acquired property is part of a program or project receiving federal financial assistance.

¶ 19. The court of appeals interpreted the above statute in *Bassinger.* Of relevance in *Bassinger,* as in this case, was the language that provides that a "displaced person" must have "comparable replacement property made available" to it. The court of appeals concluded that the legislature's intent behind this language was "to provide, as one of the three conditions precedent to issuance of a writ of assistance, that a person displaced by a condemnation have comparable replacement property made available to the extent required by the relocation assistance law." *City of Racine v. Bassinger,* 163 Wis. 2d 1029, 1040, 473 N.W.2d 526 (Ct. App. 1991) (emphasis omitted); *see also Dotty Dumpling's Dowry, Ltd. v. Community Dev. Auth. of the City of Madison,* 2002 WI App 200, ¶¶ 13–17, 257 Wis. 2d 377, 651 N.W.2d 1 (citing to *Bassinger* and reaffirming its conclusion with regard to relocation assistance); *City of Janesville v. CC Midwest, Inc.,* 2007 WI 93, ¶¶ 23–28, 34, 302 Wis. 2d 599, 734 N.W.2d 428 (citing to *Bassinger* and *Dotty* and reaffirming their conclusions with regard to relocation assistance). The court further stated that "[t]he [Legislative Reference Bureau's] analysis reveals that the language in question was added to [Wis. Stat. § 32.05] to clarify existing law—not to create in condemnees new substantive rights." *Bassinger,* 163 Wis. 2d at 1040 (emphasis omitted). Rather than create new substantive rights, the language in subsection (8) "merely added a new condition, the substantive rights of which are found elsewhere in the statute." *Id.*

¶ 20. The court of appeals rejected Bassinger's reading of the statute that would have provided a new substantive right to have comparable replacement property made available independent of any other provisions or requirement of law. *Id.* The court of appeals concluded, "the relocation assistance law, not condemnation law, determines the extent to which [a party is] entitled to have made available to [it] comparable replacement property . . . ." *Id.* Accordingly, Coakley may not use Wis. Stat. § 32.05(8) to seek damages or now use that statute in an effort to have "comparable replacement property made available" to it.

¶ 21. Rather than rely on Wis. Stat. § 32.05(8), Coakley must instead invoke the relocation assistance law, i.e., Wis. Stat. §§ 32.19 and 32.195.[7] However, a claim brought pursuant to §§ 32.19 and 32.195 must be brought within two years from when the City obtained physical possession. *See* Wis. Stat. § 32.20. Section 32.20, "Procedure for collection of itemized items of compensation," provides:

> Claims for damages itemized in ss. 32.19 and 32.195 shall be filed with the condemnor carrying on the project through which condemnee's or claimant's claims arise. *All such claims must be filed after the damages upon which they are based have fully materialized but not later than 2 years after the condemnor takes physical possession of the entire property acquired or such other event as determined by the department of commerce by rule. . . .*

(Emphasis added.)

---

[7] While Coakley asserts that it is not seeking a new substantive right, it seeks a remedy under Wis. Stat. § 32.05(8) despite the fact that precedent dictates that Coakley must invoke Wis. Stat. §§ 32.19 and 32.195 in order to obtain a remedy.

¶ 22. "The bar created by operation of a statute of limitations is established independently of any adjudicatory process." *Colby v. Columbia County*, 202 Wis. 2d 342, 350, 550 N.W.2d 124 (1996). Periods of limitation reflect various policies adopted by the legislature. *Id.* "It is [a] legislative expression of policy that prohibits litigants from raising claims—whether or not they are meritorious—after the expiration of a given period of time." *Id.* When the limitation period ends, it extinguishes the cause of action of the potential plaintiff, but it also creates a right for the would-be defendant to insist on that statutory bar. *Id.* As a result, long ago we began to encourage plaintiffs to be vigilant and actively pursue claims against those who have potentially wronged them. *See Sheldon v. Rockwell,* 9 Wis. 158 (*166), 162 (*181) (1859). While a plaintiff's right to access the court system is important, we must respect "a governmental entity's fundamental right to invoke a statute of limitations, as well as its legislatively mandated right to have a claim presented to it before it is forced into costly and expensive litigation."[8] *Colby,* 202 Wis. 2d at 349–50.

¶ 23. Under Wis. Stat. § 32.20, the legislature specifically stated that the statute of limitations was to begin once the condemnor took "physical possession." This legislative directive is clear. In the case at hand, it is undisputed that the City took physical possession on October 14, 2002. Therefore, Coakley should have filed

[8] Under the facts of this case, a government entity's right to have a claim presented before litigation could be satisfied through a notice of claim or by actual notice if the claimant shows that no prejudice to the government entity exists. *See* Wis. Stat. § 893.80(1)(a).

its Wis. Stat. §§ 32.19 and 32.195 claims within two years of October 14, 2002. However, Coakley did not file a notice of claim, pursuant to Wis. Stat. § 893.80, until December 13, 2004. Critically, it did not file its first complaint until September 29, 2005. As a result, Coakley's claims are time barred.[9]

¶ 24. Coakley argues that possession should be defined as "correct" possession, and it argues, citing generally to *Hansen v. A.H. Robins, Inc.,* 113 Wis. 2d 550, 335 N.W.2d 578 (1983), that this court should create a court-fashioned remedy for those who will "undoubtedly find themselves in Coakley's predicament." We decline this opportunity to fashion a new remedy that would directly undermine the language of the statute. The legislature utilized the phrase "physical possession" to set forth the expectations under these scenarios. Applying "physical possession" is a straightforward approach that is easily applied by litigants and the courts. We will not insert the word "correct" or "lawful" into this plainly worded and easily understood statute.[10] Accordingly, Wis. Stat. § 32.20 bars Coakley's Wis. Stat. §§ 32.19 and 32.195 claims.

---

[9] The court of appeals' decision, in this case, stated, "to stop this time limit from beginning to run, the condemnee *must avoid giving physical possession* of the property to the condemnor." *C. Coakley Relocation Sys., Inc.,* 305 Wis. 2d 487, ¶ 19 (emphasis added). However, this should not be interpreted as instructing parties to disobey a circuit court's order.

[10] *See State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 39, 271 Wis. 2d 633, 681 N.W.2d 110 (citing to the United States Supreme Court, *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54 (1992), asserting that "[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."); 2A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutes and Statutory Construction* (7th ed.

471

■

¶ 25. During oral argument to this court, the applicability of Wis. Stat. § 893.13, "Tolling of statutes of limitation," was raised. We subsequently ordered the parties to submit letter briefs addressing the applicability of § 893.13. The parties chose to limit their discussion to § 893.13(2). Thus, we limit our decision to that section of the tolling statute. After further review and with the assistance of supplemental letter briefs from the parties, we conclude that § 893.13(2), as argued by the parties, does not apply given the particular facts of this case. Section 893.13(2) provides:

> *A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies.* The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

(Emphasis added.)

¶ 26. We rely on the emphasized portion of the above argued statute for our conclusion: "A law limiting the time for commencement of an action is tolled by the

2007) (§ 46.3, "Expressed intent," stating "[w]hat a legislature says in the text of a statute is considered the best evidence of the legislative intent or will"; § 46.6, "Each word given effect," stating "it is also the case that every word excluded from a statute must be presumed to have been excluded for a purpose"; § 47.23, "Expressio unius est exclusio alterius," stating "where a form of conduct, . . . there is an inference that all omissions should be understood as exclusions"; § 47.38, "Insertion of words," stating "[i]n construing a statute, it is always safer not to add to or subtract from the language of a statute unless imperatively required to make it a rational statute") (internal punctuation and footnotes omitted).

commencement of the action to enforce the cause of action to which the period of limitation applies."

¶ 27. In this case, the law limiting the time for commencement of an action is Wis. Stat. § 32.20. Under § 32.20, claims pursuant to Wis. Stat. §§ 32.19 and 32.195 must be filed within two years after the condemnor takes physical possession. However, in this case, Coakley did not file a claim for relocation benefits under §§ 32.19 and 32.195 until after the two-year statute of limitations had expired. Therefore, in this case, Wis. Stat. § 893.13(2) does not toll the limitations period.

¶ 28. The appeal in *Roadster* does not toll the statute of limitations for Coakley. The *Roadster* decision is of no relevance to Wis. Stat. § 893.13(2) because that appeal was of the circuit court's decision to grant the City a writ of assistance pursuant to Wis. Stat. § 32.05(8). In *Roadster,* the City filed a lawsuit to oust Coakley under § 32.05(8). In response, Coakley argued, but did not formally plead, that it was a "displaced person" and thus the City was obligated to make available "comparable replacement property" in order to obtain a writ. Coakley defended against the issuance of the writ by arguing that since Coakley was not offered comparable replacement property from the City, the writ should not be issued.

¶ 29. However, the record before this court is devoid of any indication that in *Roadster,* Coakley also initiated a claim for relocation assistance under Wis. Stat. §§ 32.20, 32.19, or 32.195. At most, in *Roadster,* Coakley received the determination that it was a "displaced person." Here, Coakley's argument in defense to ouster is distinct from its duty to formally plead a cause of action for relocation assistance under §§ 32.20, 32.19, and 32.195 or formally defend on that basis. In fact, the release of claims document in *Roadster* specifically excluded § 32.19 claims for relocation benefits to which

Coakley "may be entitled." In *Roadster,* Coakley was deemed a displaced person, but it remained Coakley's responsibility to formally file a cause of action for relief under §§ 32.19 and 32.195.

¶ 30. Coakley had two years from the time the City took physical possession to make its claim. The City took physical possession of the property on October 14, 2002. Coakley first filed a notice of claim on December 13, 2004. It did not file its first complaint until September 29, 2005. Therefore, Wis. Stat. § 893.13(2) could not have tolled the statute of limitations because Coakley first filed a claim for relocation benefits under Wis. Stat. §§ 32.19 and 32.195 after the statute of limitations had already expired. In *Roadster,* Coakley did not formally plead that it had a right to relocation benefits pursuant to §§ 32.19 and 32.195. Therefore, the *Roadster* case does not toll the time for Coakley to bring its action under §§ 32.20, 32.19 and 32.195.

IV

¶ 31. We conclude that the two-year statute of limitations in Wis. Stat. § 32.20 bars Coakley's claims for relocation benefits because although the City took physical possession of the relevant property on October 14, 2002, Coakley did not file a notice of claim until December 13, 2004, and it first filed a formal complaint on September 29, 2005. We further conclude that Wis. Stat. § 893.13(2) does not toll the two-year statute of limitations in this case.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 32. PATIENCE DRAKE ROGGENSACK, J. (*concurring*). I join the majority opinion in all respects.

474

However, I write separately to point out that, had Coakley either pled a defense or filed a counterclaim in the *Roadster*[1] matter when the City originally sought the writ of assistance in Milwaukee Circuit Court, we might view differently the tolling issue presented here. The tolling provisions in Wis. Stat. § 893.13 reference Wis. Stat. § 893.14, which provides that the assertion of a defense or counterclaim tolls the time limit for commencement of an action "until final disposition of the defense or counterclaim." However, neither party has argued that § 893.14 applies here; nor has either party provided the court with any pleading that reveals that Coakley either pled a defense or filed a counterclaim in the *Roadster* action.

---

[1] *City of Milwaukee v. Roadster LLC*, 2003 WI App 131, 265 Wis. 2d 518, 666 N.W.2d 524.